## CITY OF BOULDER V. NILES.

1. Cities and towns incorporated under Gen. St. ch. 109, p. 958, are invested with exclusive control over their streets, and come within the rule which holds such cities and towns liable for damages caused by a failure to keep their streets in a safe condition for travel, whether such liability is specifically imposed by the act of incorporation or not.

2. In an action against a city to recover damages for a personal injury received by the plaintiff by falling on the defendant's sidewalk, owing to the negligence of defendant in not removing ice and snow which had formed a ridge thereon, the question whether the defendant should have known of such obstruction, and removed it, is one for the jury to determine from all the circumstances,— the extent of the snow-fall, condition of the weather thereafter, amount of travel on the street, and the lapse of time between the snow-fall and the accident.

3. In such case, an instruction which states that, if the jury believe that plaintiff was injured owing to the negligence of the defendant in not removing an obstruction on its sidewalk which plaintiff may have proven was there, they may find for plaintiff, is erroneous, in that it does not require them to find that plaintiff was using ordinary care in walking on such sidewalk; and the fact that the law on the subject was correctly given in another instruction is not material, as it cannot be known by which instruction the jury was governed.

4. In order to hold a city liable for an injury received by falling over an obstruction on its sidewalk, it must be shown, not only that there was such an obstruction, and that plaintiff was injured thereby, as alleged, without negligence on his part, but also that defendant had notice of such obstruction, or that it had existed for such a length of time as to import notice; and that defendant had not used reasonable diligence in removing such obstruction.

*Appeal from District Court of Boulder County.*

THIS action was brought in the court below by the appellee, Niles, against the defendant city to recover damages for injuries resulting from a fall upon snow and ice accumulated upon defendant's sidewalk. The accident happened to the plaintiff upon the evening of the 6th of February, while walking, after dark, upon Pine street. The obstruction upon which the plaintiff slipped and fell was an accumulation of snow and ice forming a ridge near the center of the sidewalk, according to the testimony of the plaintiff, nearly a foot in height, oval in shape, and about two feet wide at the base, and extended for quite a distance along the center of the sidewalk. Upon either side of the ridge the sidewalk had been cleared from the snow and ice by the witness Temple, the owner of the abutting premises. According to the testimony of a number of other witnesses, the ridge was not more than three or four inches in height. It was the bottom of an original path trodden in the snow after the storm, and took the shape of a ridge, or, as some witnesses call it, "a core," after the snow on either side had been removed. While the plaintiff knew gen-

erally of the slippery and unsafe condition of the streets and sidewalks resulting from the snow-storm, he denied all knowledge of the particular obstruction on which he slipped and fell. He appears to have been walking at an ordinary pace, and says he was looking ahead of him at the sidewalk, but did not see the obstruction. His injuries were such as to incapacitate him for work for several months, and to cause him great suffering and pain. The snow-storm commenced on the 30th of January, and lasted three days. The snow fell to a depth of about two and one-half feet. The testimony of the street commissioners of the defendant city, showing the heavy snow-fall, and the general condition of the streets and sidewalks, and want of notice of the obstruction which caused the injury, is given in the opinion of the court.

The fourth and fifth instructions, to which the opinion of the court refers, are as follows:

"*Fourth.* The court instructs you that, if the jury believe from the evidence that on or about the 6th or 7th of February, 1883, there was an obstruction on the sidewalk on Pine street, at or near the place alleged by plaintiff, and that the plaintiff, in walking on said sidewalk, stumbled over said obstruction, and fell, without fault or negligence on his part, and was injured by reason thereof, and was thereby crippled or injured, not knowing that said obstruction was there at the time, the defendant is liable to the plaintiff in damages for the full amount of all the injuries plaintiff has proven he has sustained thereby.

"*Fifth.* That if the jury believe, from the evidence, the plaintiff has been injured in person, arising from the negligence of defendant, by not removing any obstruction on the sidewalk which plaintiff may have proven was on it at the time the injury was sustained, the jury have the right to take into consideration, as compensation therefor, the loss of time plaintiff has sustained by his inability to labor, his doctor bills, expenses for medi-

cines, and expenses incurred, if any, for services for nursing and attention, and for the pain and suffering in mind and body which the plaintiff may have proven he endured. It is also the duty of the jury to take into consideration any permanent disability the plaintiff may have proven he received, and his diminution of power to earn money in the future."

The jury found for the plaintiff, and assessed his damages at $650.

Mr. O. F. A. GREENE, for appellant.

Messrs. G. BERKLEY, M. B. CAMPLIN and E. B. KELLOGG, for appellee.

ELBERT, J.   The subject of the implied liability of municipal corporations, in civil actions, for misconduct. or negligence on their part, or on the part of their officers, in respect to corporate duties resulting in injuries to individuals, is very fully and ably discussed by Chief Justice BECK, in the case of *City of Denver v. Dunsmore*, 7 Colo. 339. The conclusion reached is as follows: "The general current of authority supports the view that when municipal corporations are invested with exclusive authority and control over the streets and bridges within their corporate limits, with ample power of raising money for their construction, improvement and repair, a duty arises to the public, from the nature of the powers granted, to keep the avenues of travel within such jurisdiction in a reasonably safe condition for the ordinary mode of use to which they are subjected, and a corresponding liability rests upon the corporation to respond in damages to those injured by neglect to perform the duty; that the same rule obtains in such case whether the duty is specifically imposed by the act of incorporation or not. This duty is municipal or ministerial, and not governmental."

The powers granted to cities and towns incorporated,

as was the defendant city, under chapter 109, Gen. St. p. 958, bring them, as municipal corporations, within the rule announced. This disposes of the leading question discussed by counsel for the appellant.

The claim in this case is that the neglect of the defendant city to remove from the sidewalk on one of its streets the accumulations of snow and ice upon which the plaintiff slipped and fell, renders it liable in damages for the injuries to the plaintiff resulting from the fall. It may be said, generally, that the duty imposed upon municipal corporations in respect to its sidewalks is a duty to keep them in a reasonably safe condition. Upon persons using the sidewalks the duty imposed is that of ordinary care. Under conditions of increased danger, there is imposed a duty of increased care. These are general principles to be understood and applied in the light of the circumstances of each particular case.

Mr. Dillon, in his work on Municipal Corporations (section 1006), sums up the law applicable to this class of cases as follows: "The law does not require a municipal corporation to respond in damages for every injury that may be received on a public street. Before a recovery can be had, it must appear, upon the whole testimony, that the person injured used, under all the circumstances, ordinary care to avoid danger; nor is the corporation required to have its sidewalks so constructed as to secure absolute immunity from danger in using them; nor is it bound to employ the utmost care and exertion to that end. Its duty, generally stated, is only to see that its sidewalks are reasonably safe for persons exercising ordinary care and prudence. *The mere slipperiness of a sidewalk*, occasioned by ice or snow, not being accumulated so as to constitute an obstruction, is not ordinarily such a defect as will make the city liable for damages occasioned thereby. Where there is snow upon a sidewalk, and it is rendered slippery, there is danger of injury from slipping and falling even on the best constructed walks. At such times

there is imposed upon foot travelers the necessity of exercising increased care; and, where the city uses reasonable diligence, it will' not be liable. But in case no attempt is made to remedy an unsafe sidewalk, and the weather is such that it could easily have been done, liability may attach."

It is also to be borne in mind that where the action, as in this case, is based on neglect or omission to keep the sidewalk in a safe condition, that the question of notice becomes of importance. The rule is that notice to the corporation of the defect which caused the injury, or facts from which notice thereof may reasonably be inferred, or proof of circumstances from which it appears that the defect ought to have been known and remedied by it, is essential to liability. The corporation is responsible only for reasonable diligence to repair the defect, or prevent accidents after the unsafe condition of the streets is known, or ought to have been known to it, or to its officers having authority to act respecting it. 2 Dill. Mun. Corp. § 1020 *et seq.*

After a careful examination of the record, we are unable to say that the law applicable to the facts of this case was fully and fairly given to the jury by the instructions of the court. The fourth instruction given for the plaintiff is defective in this: that it ignores the question as to whether or not the defendant city used reasonable diligence in the care of its sidewalks. Notice of the obstruction, or such lapse of time as imports notice, and failure to use reasonable diligence in its removal, were essential conditions of the defendant's liability. The instruction we are considering left the jury at liberty to find the defendant liable without reference to these leading questions.

The snow-storm continued for three days from the 30th day of January. The snow fell about two feet. The accident was on the evening of the 6th of February. There is no evidence that the defendant had actual notice

of the obstruction. On the other hand, Mr. Newton testifies as follows: " I have been street commissioner of the city of Boulder for the last year and a half, and, as such street commissioner, I have had control of the streets of Boulder. I recollect that stormy weather that has been testified to — the last of January and the first of February. Those storms left the sidewalks in a bad condition. The snow was deep on those sidewalks. At that time it was not possible, with ordinary effort or care, to have kept the walks clean throughout the city, the snow was so deep. It was unusually stormy weather for Colorado. *I never had any notice of any obstruction* in front of Mr. Temple's."

Whether or not, under all the circumstances, the defendant, through its officers, should have known of the obstruction and removed it, was a question for the jury. In determining this question, the extent of the snow-fall, the condition of the weather thereafter, the location of the street where the obstruction was, as a public way, more or less frequented, the lapse of time between the snow-fall and the accident, were all matters to be considered by them. If, in point of fact, the proper officers of the defendant city did not know of such obstruction when, by ordinary and due diligence and care, they ought to have known of it and removed it, the defendant must be held responsible as in case of actual notice.

The fifth instruction is also objectionable, in that it ignores the essential element of ordinary care on the part of the plaintiff, and assumes his right to recover without reference to it.

That other instructions given on behalf of the defendant to some extent laid down the law correctly is not material. We cannot determine by which instruction the jury was governed. It is enough for us to know that error may have intervened. *City of Denver v. Capelli*, 4 Colo. 28; *Claire v. People, ante,* p. 122.

The other assignments need not be noticed. For the reasons above given the judgment of the court below must be reversed and the cause remanded for a new trial.

*Reversed.*