## CUNNINGHAM v. THE CITY OF DENVER ET AL.

1. CONSTITUTIONAL LAW—DENVER CHARTER.

A provision of the charter of the city of Denver, that before the city shall be liable for damages to any person injured upon its streets, etc., the person injured, or some one in his behalf, shall, within thirty days after receiving such injury, give the mayor or city council notice in writing of such injury, etc., is valid.

2. SAME.

A provision in the charter of the city of Denver which is merely revisory or amendatory of the original charter does not violate the inhibition of the constitution against special legislation.

3. MUNICIPAL LIABILITY—NOTICE.

A city is not answerable for injuries occasioned by defects of its streets of which it had no notice prior to the accident.

*Error to the District Court of Arapahoe County.*

ACTION for personal injuries. Verdict for defendants directed by the court upon the evidence. Verdict and judgment accordingly. Plaintiff brings the case here upon error.

Plaintiff alleges that the defendant, the city of Denver, is a municipal corporation, charged with the duty of keeping its streets and sidewalks in repair; that by its charter an officer, known as "street commissioner," is created; that this office, at the times hereinafter mentioned, was filled by defendant in error, Theodore Griffin, he being elected and qualified thereto; that it is the duty of such street commissioner to keep in repair, free from obstruction and defects, all sidewalks and street crossings in the city of Denver.

That prior to and on or about February 21, 1891, a dangerous hole was, by means unknown to plaintiff, made in the sidewalk or crossing leading from 14th street westward over a ditch running parallel with the street; that this street, at the time, was much traveled and used by pedestrians and others. It is further charged that the defendants, well knowing the dangerous condition of the crossing, allowed the same to remain open and out of repair, and without notice to citizens or others of its condition.

That plaintiff, at the date aforesaid, while lawfully traveling on the cross walk, and wholly unaware of danger, accidentally, and without fault or negligence on his part, stepped into said hole, so that his foot, becoming wedged therein, caused him to receive a violent fall against a hydrant, whereby he received great bodily injury, to his damage in the sum of thirty thousand dollars. The complainant further alleges that he gave notice to the mayor of the city of Denver, in writing, of the injuries complained of within thirty days after the same were received, stating in such notice how, when and where the injury occurred and the extent thereof.

The defendants, answering the complaint, admit the corporate capacity of the city of Denver; admit that defendant Griffin was street commissioner at the times as alleged ; admit his duties to be as alleged in the complaint ; admit that the plaintiff, at the place of the accident, was upon one of the public highways within the corporate limits of the city of Denver. All other allegations are denied.

Contributory negligence, on the part of the plaintiff, is alleged as a second defense. The new matter in the answer is denied by plaintiff's replication.

Mr. GEO. W. FORMAN, for plaintiff in error.

Mr. A. B. SEAMAN and Mr. L. K. PRATT, for defendants in error.

CHIEF JUSTICE HAYT delivered the opinion of the court.

There is no evidence in the record to connect the defendant Griffin in any way with the accident to plaintiff, or tending to show that he was guilty of any degree of negligence in the premises. Moreover, the action of the district court in directing a verdict in favor of this defendant is not questioned in this court, and it will be affirmed without further comment.

The peremptory instruction of the district court in favor

of the defendant city was predicated upon the failure of plaintiff to comply with the following provision of the city charter: "Before the city of Denver shall be liable for damages to any person injured upon any of the streets, avenues, alleys, sidewalks, or other public places of the city, the person so injured or some one in his behalf, shall, within thirty days after receiving such injuries, give the mayor or city council notice in writing of such injuries, stating fully in such notice, when, where, and how the injuries occurred and the extent thereof." Sec. 9 of art. IX., Charter of the City of Denver. The failure of plaintiff in this respect is admitted, but the consequence of such failure is sought to be avoided by an attack upon the constitutionality of the provision.

Municipal corporations are creatures of the statute, and have only such powers, privileges and duties as are provided by law, constitutional or statutory, and the necessary powers implied from those conferred. The legislature regulates the duties and obligations of these corporations in such manner as will, in its judgment, best subserve the public interests. In respect to damages incurred by injuries upon its streets, it may impose an obligation or not upon the city, and it may, as a logical sequence of this power, prescribe such limitations as it deems proper. Provisions like the one attacked in this case are in force in nearly all the large cities of the country, and if repeated and harmonious decisions of the courts can settle the question of the constitutionality of such legislation it is no longer open to attack. *Gay v. City of Cambridge*, 128 Mass. 387; *Susenguth v. Town*, 48 Wis. 334; *Law v. Fairfield*, 46 Vt. 425; *Nichols v. City*, 30 Minn. 545.

Neither does the act in question violate the inhibition of the constitution against special legislation. The city of Denver was incorporated under a special charter in 1861, and the right of cities so incorporated to maintain their corporate existence is recognized by the constitution, while the power of the legislature to amend such special charters is implied from this and other provisions of our state constitution, the only limitation being that only such amendments can be made

as are revisory or amendatory thereof. *City of Denver v. Barron*, 6 Colo. App. 72; *Brown v. City of Denver*, 7 Colo. 305; *Carpenter v. People*, 8 Colo. 116; *Darrow v. People*, 8 Colo. 426; *In re City of Denver*, 18 Colo. 288.

The original charter of the city of Denver provides that " the inhabitants of the city of Denver are hereby constituted a body corporate and politic, with perpetual succession, and the right to sue and be sued, to plead and be impleaded, in all courts of equity. * * * " This language has appeared in all the city charters up to the present time, and the provision with reference to notice is clearly a legitimate amendment or revision of the original charter, and therefore valid.

Aside from this, the ground of the action against the municipality being its neglect to keep the street in repair, in order to give a person injured a right of action against the corporation in this class of cases it must be alleged and proved that the city had notice of the defect, or had notice of facts equivalent thereto. The city is only responsible for reasonable diligence in repairing the defect, or taking the proper precautions to prevent accident, after being advised of the defective condition of its streets. *City of Denver v. Dunsmore*, 7 Colo. 328; *City of Boulder v. Niles*, 9 Colo. 415.

An examination of the abstract and transcript in this case discloses that plaintiff entirely failed to furnish evidence that notice of the defective condition of the street was brought home to the city prior to the accident. He rested his right of recovery in this respect upon proof of the existence of the hole at the very instant of the accident. He says that in passing along the street at night his foot became wedged in this hole, and he was thereby thrown violently to the ground and against a hydrant, by which means the injuries complained of were caused. No attempt was made to show that the city had notice of the defective condition of this crossing, and evidence of facts from which such notice can be inferred is not to be found in this record.

The judgment of the district court must be affirmed.

*Affirmed.*