[No. 2065.]

### THE CITY OF BOULDER v. WEGER.

**1. Cities and Towns—Negligence—Defective Sidewalks—Notice.**

In an action against a city for personal injuries caused by falling on a defective sidewalk, it must be shown that the city had knowledge of the defect, or that it had existed such a length of time as to impart notice, and had not exercised reasonable diligence to repair the defect.

**2. Same—Evidence.**

In an action against a city for personal injuries caused by falling on a defective wooden walk, evidence that the wooden walks of the city generally were in defective condition does not establish the particular defect in question, nor charge defendant with notice of such particular defect.

*Appeal from the District Court of Boulder County.*

Mr. CHARLES M. CAMPBELL, for appellant.

Mr. HENRY J. HERSEY, for appellee.

GUNTER, J.

Appellee had judgment against appellant for damages on account of injuries sustained by a fall on a defective cross-walk in the city of Boulder. The defect was a board about 8 inches wide missing from the wooden cross-walk. To justify affirming this judgment the evidence must show that "the city had knowledge either actual or constructive of the existence of the defect and had not exercised proper

diligence in its repair."—*City of Denver v. Moewes,* 15 Colo. App. 28, 60 Pac. 986.

It must appear that "defendant had notice of such obstruction or that it had existed such a length of time as to impart notice, and that the defendant had not used reasonable diligence in removing such obstruction."—*City of Boulder v. Niles,* 9 Colo. 415; 12 Pac. 632.

In showing actual or constructive notice of the defect to appellant city the evidence fails.

Seven witnesses were for appellee including himself; he testified that he never saw the board missing before the accident. Dr. Shute stated that he never saw the hole in the walk, made by the missing board, prior to the accident. Berkeley said that he never saw the defect complained of, that the cross-walk had been for some years in good condition except that at the date of the trial it contained one board with the end cut off. The only testimony of Lacer in reference to the defect was that appellee showed him the place of the accident the spring following its happening. Ching testified that the morning following the accident he saw the hole for the first time and says: "At the time I saw this there was one plank out of the walk and a hole there, the other planks in the walk were in good condition I should judge, they may have been rotten a little but they were in good condition." Shaw inspected the spot Saturday after the accident on Monday; he does not testify as to the existence of the hole before the accident. In the course of his testimony he says that the boards on each side of the hole were in sound condition and that the cross-walk was in good condition with the exception of the board in question. Ricketts, the mayor of Boulder, testified but said nothing charging appellant with notice of this defect; his inaugural address to the city council, in-

troduced by appellee, contains nothing pertinent to the question of notice of the defective condition of this particular cross-walk.

No one of appellee's witnesses stated any fact showing that appellant had actual notice of the defect in the cross-walk, no one of them stated that the hole had been in the walk for any length of time whatever before the accident, no one of them testified that the cross-walk had been unsafe in any respect for any time before the accident.

This essential element of notice was not supplied by the evidence introduced in behalf of appellant. It appears from the evidence that this cross-walk was in good condition except at the point of the accident and there the defect consisted in the missing board.  Appellant aptly says in its brief: ''The plaintiff's witnesses have proved that the alleged injury occurred on the cross-walk March 22, 1897, that the entire cross-walk, a distance of 80 feet, was sound and good except one board gone from the walk about six feet from the west end of the cross-walk, that none of them knew that the board was gone until after the accident.  All the witnesses, including the plaintiff himself, swear that they had no knowledge of the existence of the hole before the accident, and none of them say that defendant city had any knowledge or notice of the existence of the hole before the accident occurred.''

There was evidence going to show that the wooden walks generally in the city of Boulder were in defective condition, but this did not establish that the cross-walk in question was defective in the particular above mentioned or in any other respect.  Nor did evidence that the wooden side-walks in the city were generally in bad condition, and had been for

some time, charge appellant with notice of the particular defect here involved.

Judgment reversed.                    *Reversed.*