[No. 6059.]

THE CITY OF LA JUNTA V. BURNS.

1. **Pleadings—Motion to Make More Definite**—Where a complaint against a municipal corporation demands damages for an injury attributed to a defective walk, and the negligence of the municipality, not in any way showing in what the alleged negligence consisted, a motion to require plaintiff to make his complaint more definite is appropriate.—(437)

2. **Municipal Corporations—Defective Highway—Notice to Municipality**—A complaint against a municipality for an injury attributed to a defective walk must aver that the corporation had notice of the defect.—(438)

*Appeal from Otero District Court*—Hon. JOHN H. VOORHEES, Judge.

Mr. MARION F. MILLER, and Mr. FRED A. SABIN, for appellant.

Mr. G. M. DAMERON, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

This action was brought by Alice L. Burns, plaintiff below, appellee here, against the city of La Junta, appellant here, defendant below, to recover damages for personal injuries said to have been occasioned and sustained through a defect in one of the city sidewalks. The precise language of the complaint on this point, after stating the legal duty of the defendant in respect to keeping the city sidewalks in proper condition for travel, is:

"That on, to wit, the 10th day of February, A. D. 1901, the plaintiff was lawfully passing along the sidewalk in front of Lot 22, in Block 18, in said city, and while so passing along and pursuing her journey, and while directly in front of Lot 22 of Block 18, a plank which was loose in said sidewalk gave way or raised up, tripping and throwing the plaintiff and

severely injured the plaintiff by breaking the surgical neck of her left femur bone, and dislocating said limb at the ankle joint."

The only allegation of negligence against the city is contained in the fifth paragraph of the complaint, which reads as follows:

"Fifth. Plaintiff further says that the injuries sustained as aforesaid was caused by the gross carelessness and negligence on the part of the defendant herein and in no wise was the same caused by any carelessness or negligence on the part of the plaintiff."

There is no allegation of notice to, or knowledge by, the city, actual or constructive, of the supposed defect.

A motion was interposed for an order requiring plaintiff, among other things, to state and set forth in her complaint in what manner the defendant was careless and negligent respecting its duty to the plaintiff, as bearing upon her injury, which motion, after argument, was overruled. This action of the court is assigned for error. The averments of the complaint give no hint as to the particular or particulars in which the defendant was negligent or careless. Were they acts of commission or omission? Did the negligence consist in allowing the loose plank to remain in the sidewalk? If yes, then the plaintiff should have so averred. Whatever the negligence of the defendant, of which the plaintiff complains, the court should have directed her on this motion to set it forth, if able to do so, and if unable to do it, to so say. The defendant had an undoubted right to know what the real charge against it was, and be thus placed in position to intelligently defend itself, if defense it had. While this general allegation of negligence may possibly have been sufficient as against a general demurrer, it clearly was subject to

the motion to make more specific and certain, and it was error to deny it.—*Wilson v. Denver, South Park & P. R. Co.*, 7 Colo. 101; *Fitts, Admr., v. Waldeck*, 51 Wis. 569; *Hayden v. Anderson*, 71 Iowa 162; *The O. & M. R. Co. v. Collarn*, 73 Ind. 265; *Railway Co. v. Lavally*, 36 Ohio St. 225.

Upon the overruling of the motion defendant interposed a general demurrer to the complaint, which was also by the court overruled, which action is likewise assigned for error.

Thereafter issue was joined resulting in a verdict and judgment for the plaintiff for $500.00. It is to reverse this judgment that the defendant brings the case here on appeal.

The only theory upon which a municipality may be held liable for damages in a case like this is that it had notice, actual or constructive, of the existence of the alleged defect, and failed within a reasonable time to remedy it. The fact of actual notice, or its equivalent, to the defendant of the defect complained of is an ultimate fact, essential to be established by proof and should be averred, else no cause of action is stated. Not only is the fact of notice not pleaded, but there is an entire absence of allegations from which notice could possibly be inferred. Indeed there is no attempt at pleading any fact or circumstance from which it might appear that the supposed defect could or should at all have been known to the defendant and remedied by it. This was essential to fix liability and should have been alleged and set forth in the complaint. In this particular that pleading is fatally defective, and will not support the judgment rendered upon the verdict. This objection to the sufficiency of the complaint was urged at all times, and at all stages of the proceeding; on the overruling of the demurrer, in objection to testimony,

on motion for nonsuit, on motion for a directed verdict, and in the motion for a new trial.

In *Cunningham v. The City of Denver,* 23 Colo. 18, upon this point this court said:

"Aside from this, the ground of the action against the municipality being its neglect to keep the street in repair, in order to give a person injured a right of action against the corporation in this class of cases it must be alleged and proved that the city had notice of the defect, or had notice of facts equivalent thereto."

This court, upon the question of necessity of notice, has said:

"It is also to be borne in mind that where the action, as in this case, is based on negligence or omission to keep the sidewalk in safe condition, that the question of notice becomes of importance. The rule is that notice to the corporation of the defect which caused the injury, or facts from which notice thereof may reasonably be inferred or proof of circumstances from which it appeared that the defect ought to have been known and remedied by it, is essential to liability."—*City of Boulder v. Niles,* 9 Colo. 415; *City of Denver v. Deane,* 10 Colo. 375.

Abbott on Municipal Corporations, vol. 3, sec. 1034, discussing this subject, says:

"The existence of a liability depending absolutely upon the possession of knowledge of the defect by the public corporation, it is, therefore, necessary for the plaintiff to show affirmatively in all cases notice either actual or constructive of the particular defect causing the injury complained of, and the lapse of a reasonable time thereafter within which it might have been remedied in the exercise of ordinary care and diligence as depending upon the circumstances of that particular case. It is also necessary for the plaintiff in actions of this character, to plead the fact

of notice, for without notice, as already stated, in acts of omission, there can be no liability. The burden is, therefore, upon the plaintiff to both allege and prove notice or a reasonable knowledge as a condition precedent to the liability of a public corporation in acts of omission. The burden, however, is on the defendant to plead and prove that it did not have a reasonable time in which to make the repairs before the injury was received.''

. We cite the following additional authorities, which are instructive upon the question before us for consideration and determination, and as being in harmony with and supporting our conclusion: Dillon on Municipal Corporations, §§ 1025-1027; *Denver v. Saulcey,* 5 Col. App. 420; *Denver v. Aaron,* 6 Col. App. 232; *Boulder v. Weger,* 17 Col. App. 69; *Denver v. Moewes,* 15 Col. App. 28.

Since the cause must be reversed for the errors pointed out, we do not consider other assignments, or discuss the case upon its merits. The judgment will be reversed and the cause remanded, with instructions to the court below to allow the plaintiff to file an amended complaint, as she may be advised.

*Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE WHITE concur.