[No. 3530.]

## ALPHA REALTY & RENTAL CO. v. RANDOLPH, ET AL.

1. PLEADING AND EVIDENCE—*Plaintiff Recovers on the Cause of Action Pleaded.* In an action for deceit it is error to permit a recovery upon the theory of mere actionable negligence.

2. EVIDENCE—*Burden of Proof.* The principal demanding damages of his agent for deceit practiced upon him, or other misconduct, has the burden of proof.

3. —— *Privileged Communications—Attorney and Client.* A statement by the client to the attorney, in answer to his question as to how the client understands the transaction in hand—whether it includes three lots, or only two—made in the presence of a stranger to the matter, is not privileged, as to said stranger, at least, who may testify to same.

4. —— *Relevancy.* In an action for deceit, in inducing plaintiffs to purchase and accept only two city lots, supposing that they acquired three, plaintiff's knowledge of the width of the lots is not only relevant but highly important.

5. DECEIT—*Evidence.* In an action for deceit considerable latitude should be allowed to defendant in the inquiry touching his conduct; e. g., where plaintiffs complained that they had been tricked into the belief that they were acquiring a greater area of ground than they in fact acquired, and relied upon the testimony of one of the plaintiffs and a daughter of plaintiffs.

6. INSTRUCTIONS—*Conflicting.* Error in one, is not cured by another which prescribes the true rule.

*Appeal from Denver District Court.* HON. GEORGE W. ALLEN, Judge.

Messrs. McKNIGHT & HENRY, for appellant.

Mr. GEORGE F. DUNKLEE, Mr. O. E. JACKSON, for appellees.

CUNNINGHAM, Judge.

The plaintiffs brought their action in the district court to recover damages against the defendant corporation growing out, as they allege, of fraud and deceit perpetrated upon them by the appellant in connection with the purchase and sale of certain real estate in the City and County of Denver. Briefly stated, the plaintiffs contend that they entered into an agreement with the defendant corporation, which was engaged in the real estate business in Denver, to purchase through it certain improved property situate on Ogden street; that the defendant represented to them at the time of the negotiations that a certain vacant lot, known as lot No. 6, lying next to lots 7 and 8 (which latter two lots were the ones that finally passed to the plaintiffs) was a part and parcel of lots 7 and 8, and would pass by a deed made to said lots 7 and 8; that, relying upon this information and their belief in the same, they accepted a deed to lots 7 and 8, and learned shortly thereafter that lot 6 was a separate and distinct piece of property, and that they had not obtained the title thereto by the deed which had been given them.

The defendant denied all of the material allegations of the complaint, charging it with bad faith, but it is not necessary to go into further detail as to the allegations of the pleadings or the evidence adduced on the trial in order to determine the disposition that should be made of the case.

The trial court committed reversible error in the giving of certain instructions, and in the exclusion of certain evidence offered on behalf of the defendant.

1.   As we have already observed, and as conceded by counsel for both parties, and as clearly disclosed by the pleadings, plaintiffs' cause of action was based upon fraud and deceit. Yet, notwithstanding this fact, the trial court gave the following instruction, same being No. 8:

"You are instructed that if you find from a preponderance of the testimony in this case that the relation of principal and agent as elsewhere defined in these instructions existed between the plaintiffs and the defendant, then and in that event you are instructed that the agent owed to its principals the duty to exercise ordinary care to see that its principals obtained all the property which it had been represented to them they should obtain, and if you find from a preponderance of the testimony that the failure of the plaintiffs to obtain the title to the said three lots in question instead of the two lots to which they did obtain title is due to the lack of ordinary care on the part of the said agent, then and in that event the court instructs you that the defendant, as the agent of the plaintiffs, is liable to the plaintiffs for all damages which they have sustained as the result of such want of ordinary care."

It will be readily seen that this instruction proceeds upon the theory that the plaintiffs' case sounded in negligence, and if the jury accepted and acted upon this instruction, and was guided by it, it was not necessary for

it to consider, much less find and pass upon, any question pertaining to fraud and deceit.

Again, the trial court gave as its instruction No. 4, the following:

"You are instructed that if you shall have found from a preponderance of the evidence in this cause that the relation of principal and agent existed between the said plaintiffs and the said defendant as elsewhere in these instructions defined, that then and in that event the burden of proof rests upon the said defendant as such agent to show that it gave to its principals in the transaction in question the same advice as an independent, disinterested adviser would have done, and that it made a full disclosure of all it knew respecting the property in question."

By this instruction the court improperly shifted the burden of proof. There can be no serious contention but what the evidence disclosed that the relation of principal and agent did exist between the parties plaintiff and defendant, and under the directions which the trial court, by the above instruction, gave to the jury, it was only necessary for the plaintiffs, in order to make a *prima facie* case, to prove this agency, and having done this much, they might rest and would be entitled to a verdict without introducing further direct proof, unless, perhaps, upon the question of the extent of the damages they had suffered. It requires no citation of authorities to establish the prejudicial error inhering in this instruction. Indeed, it is in direct opposition to certain portions of other instructions given by the court, wherein the jury is told that "fraud is never to be presumed," and that "the burden is upon the plaintiffs to sustain their allegations of fraud and deceit by clear and satisfactory proof." The authorities are fairly harmonious that one instruction clearly prejudicial may not be cured by another instruction laying down the correct rule, and our supreme court

has frequently so ruled. *Boulder v. Niles,* 9 Colo., 415; *San Miguel C. G. M. Co. v. Stubbs,* 39 Colo., 366; *Arnett v. Huggens,* 18 Colo. App., 117; 38 Cyc., 1604.

2. It appears from the evidence that after having entered into a written contract with the defendant to purchase the property in question, the plaintiffs employed a competent attorney (not, however, one of the attorneys of record in this cause) who had represented them for years, to examine the title and assist them in drawing the papers incident to a legal transfer of the property. It further appears that the two lots that were transferred to the plaintiffs, together with the third one, namely, No. 6, were all covered by a mortgage which it had become necessary to satisfy as a part of the transaction. The mortgage on all three of the lots was paid off by the money advanced by the plaintiffs at the time of the transfer, and all three were released. The attorney for the plaintiffs attended to that feature of the transaction for them. Defendant offered to prove by a witness who was present at the time of the execution and delivery of the papers incident to the transfer of the property, which execution and delivery took place at the office of plaintiffs' attorney, that plaintiffs' attorney said to the plaintiff Emma Randolph (who represented herself and her husband), in the presence of the witness and others then in the office, that the mortgage or deed of trust that was being released covered three lots, and that she was purchasing but two, and asked her if she so understood the matter, and that plaintiff, to this explanation made and question put to her by her counsel, answered in the affirmative, i. e., that she did so understand the situation. The trial court excluded this testimony on the theory that it was a privileged communication, and also that it was incompetent, irrelevant and immaterial. That it was not a privileged communication is clear. *Denver Tram. Co. v. Owens,* 20 Colo., 107-129; 10 Enc. of Ev., 239.

Nor do we think that it was immaterial. The plaintiff's knowledge as to the width of the lots in question became, under the evidence in the case, and the pleadings, a highly important, if not a decisive issue, and in a case of this character considerable latitude should be allowed the defendant in prosecuting its inquiry touching fraud, and especially is this true where, as in this case, the only evidence offered to support the plaintiffs' allegations of fraud was that of the plaintiff herself, and her daughter, and at each of the conversations out of which it is contended the fraud grew, there was but one person present representing the defendant.

For the reasons assigned, the cause will be reversed and remanded for a new trial.

*Reversed and Remanded.*