No. 16,854.

CITY AND COUNTY OF DENVER v. DUGDALE.

(256 P. [2d] 898)

Decided March 30, 1953.   Rehearing denied May 4, 1953.

Mr. Leonard M. Campbell, Mr. Burton Crager, Mr. Duncan J. Cameron, for plaintiff in error.

Mr. Bernard B. Carraher, Mr. John F. Mueller, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

Defendant in error, as plaintiff, brought suit against the City and County of Denver, alleging that, due to the negligence of the City in permitting snow and ice to accumulate on a public sidewalk on the north side of East 18th avenue, between Franklin street and the alley immediately west thereof, she slipped and fell on the 21st day of November, 1947, about two thirty o'clock in the afternoon, and as a result of the fall sustained injuries for which she sought damages.

The case was tried to the court without a jury. At the conclusion of the testimony offered by plaintiff,

defendant moved for a nonsuit on the ground that plaintiff had not proven a prima facie case of negligence, because of no showing that the City had either actual or constructive notice; that from the testimony it was shown that there was ice on the sidewalk, but how it originated, or how long it had been there, nobody knew, therefore the City could not have had notice of this particular icy condition. The court denied the motion and after the introduction of testimony by the City, entered its judgment in favor of plaintiff in the sum of $2600. It was shown that the total amount of bills for medical aid, hospitalization and domestic help incurred by plaintiff was in the sum of $1346.30. The City seeks reversal of this judgment.

Counsel for the City make no claim that the verdict was excessive, and apparently admit the sufficiency and timeliness of the notice served on the City as per charter requirements. Their sole contention being that the slippery and icy condition of the sidewalk, and the length of time such condition existed, was insufficient to render the City liable on constructive notice.

Plaintiff was on her way to visit her husband, a patient at St. Joseph's hospital. She parked her car on East 18th avenue between Franklin and Humboldt streets, east of the alley entrance that goes into the hospital. She got out of her car, walked across the parking to the sidewalk, and proceeded west on the sidewalk just a few feet back from the alley where her right foot slipped and she fell on her right hip. She stated the condition of the sidewalk was very slippery with ice; that the ice was old, accumulated ice; that the weather was very cold; that the condition of the surface of the alley was icy and slippery; and upon cross-examination, stated that she did not see the ice until after she fell, as she was looking straight ahead and did not recall having observed the ice, although she knew the ice was there; she further stated that it was not conspicuous; and that all the sidewalks everywhere in that immediate vicinity

were slick at the time. The witnesses, who assisted her at the time of the accident and helped to get her into the hospital, testified that the condition of the sidewalk where she was lying was very icy and slick; and that they had no idea how long the ice had been there. One witness stated that the cause of the slippery condition was ice and a slight covering of dry snow, and further stated that it would be hard to tell if it was slippery until you stepped on it.

A witness for defendant testified that on the morning of the 20th of November, and on the morning of the 21st of November, there was no ice on the sidewalk; that he had cleaned the sidewalk with a broom on the 21st day of November as an accommodation to the landlady owner of the adjacent premises, who was away at the time. Another witness from the United States Weather Bureau testified as to weather conditions from the 18th through the 21st day of November, generally to the effect that the weather was cold at times and that there was slight traces of snow and some melting.

The trial court in its oral decision stated that the evidence showed that the sidewalk where plaintiff fell was covered with ice and was extremely slippery; that there was some evidence before the court that there was no ice on the sidewalk, however, the direct and positive evidence was to the effect that the sidewalk was covered with ice and extremely dangerous and slippery, and that the main question in the case was whether or not the ice had been there long enough for the City to be charged with constructive notice, since there was no evidence that it had direct notice of the dangerous condition; and further, that in this case, the condition could not have existed longer than two days and some hours, because all of the evidence was to the effect that there could not have been any ice on the sidewalk from natural causes before the 19th day of November; then the court made its finding, stating that the evidence shows the City should have discovered the

condition of the sidewalk and made it reasonably safe for pedestrians.

It is significant, and we note, that the trial court made no finding as to how long the slippery condition had existed, and stated, "that all the evidence shows that there could not have been any ice on this sidewalk from natural causes before the 19th day of November."

We first must note that the condition of which complaint is made was from natural, and not artificial, causes. Plaintiff, herself, testified that it was not conspicuous. The condition thus stated by her is not disputed or otherwise contradicted. The evidence further discloses that sidewalks in the area were slippery at the time of plaintiff's injury, and that this condition existed on account of the general weather conditions at the time. The trial court did not, and could not, from the evidence, determine the length of time the condition had existed, other than to say that it had not existed more than a little over two days. If it was not conspicuous to plaintiff, and the slippery, icy condition could not have been observed on account of a light covering of snow, as the testimony discloses, then we are at a loss to understand how the City could be almost instantly aware of such a condition and be charged with constructive notice thereof. We have said that constructive notice exists where a city had means of knowledge and sufficient time to remedy the condition. This applies generally to visible defects or conditions that are so open and notorious as to be observed by all. *City of Denver v. Dean,* 10 Colo. 375, 16 Pac. 30. We also have held that before a city can be held to be negligent under such facts as are shown in this case, that it must be proved that there is something more than the mere slipperiness of a sidewalk, and in so holding have quoted from Dillon on Municipal Corporations, to the effect that on the whole, it must appear from the testimony of the person injured that he used ordinary care to avoid danger; and further, that a city is not required to have its

sidewalks in such a condition as to secure absolute immunity from danger, and is not bound to employ the utmost care; it has only to see that they are reasonably safe for use by persons using ordinary care and prudence; and further, that the mere slipperiness of a sidewalk occasioned by ice, not accumulated so as to cause an obstruction, will not ordinarily make a city liable, because, where there is snow on the sidewalk and it is rendered slippery, there is danger of injury from slipping and falling even on the best constructed walks, and that at such times, there is imposed upon foot travelers the necessity of exercising increased care. This general rule is supported by the decisions in *City of Boulder v. Niles,* 9 Colo. 415, 12 Pac. 632; *City and County of Denver v. Willson,* 81 Colo. 134, 254 Pac. 153.

██ When it definitely is established by the evidence, as here, that the condition of which complaint is made was due to weather conditions existing for a period of two days, and not before, and that likely similar conditions existed generally in the area, to hold that the City could be charged with constructive notice of the condition and liable for its failure to remedy the situation, would be to exact that which is practically impossible, and the law does not require that which is unreasonable; it would mean that in the case before us the City would be required to remove from its many miles of sidewalk a natural accumulation of ice and snow, which is obvious and known to travelers, who assume some risk in such circumstances. Cases in this jurisdiction so holding make a long list of decisions so well known as not to require citation. The great weight of authority is that there is a distinction between the liability of a municipality when the condition of the sidewalk is due to artificial, rather than to natural, causes, especially as to the notice or knowledge of the city.

In applying these well-settled principles to the evidence as we find it, the judgment of the trial court is not supported by evidence contrary to these general

rules. We are not unmindful of our hesitancy in disturbing the findings and judgment of a trial court, and that we should endeavor to find evidence to support the judgment; however, we are not substituting our judgment for that of the trial court on disputed or contradictory facts, rather, we say that all the evidence under the rules herein indicated, considered in the light most favorable to plaintiff, does not support a finding of liability on the part of the City.

The judgment is reversed and the cause remanded with directions to dismiss the action.

MR. CHIEF JUSTICE STONE and MR. JUSTICE ALTER not participating.

MR. JUSTICE MOORE and MR. JUSTICE CLARK dissent.

MR. JUSTICE MOORE dissenting.

I respectfully dissent. An experienced trial judge heard all the evidence introduced upon the trial and found that the city had constructive notice of the dangerous condition of the sidewalk which caused plaintiff's injuries.

We cannot say, as a matter of law, that, in all cases and under all circumstances, two days is an insufficient period of time within which a municipal corporation may be charged with constructive notice of the dangerous condition of the sidewalk. Heretofore the rule announced in *City of Boulder v. Niles,* 9 Colo. 415, 12 Pac. 632, has been well-established law in this jurisdiction. In that case our court said: "Whether or not, under all the circumstances, the defendant, through its officers, should have known of the obstruction and removed it, was a question for the jury. In determining this question, the extent of the snowfall, the condition of the weather thereafter, the location of the street where the obstruction was, as a public way, more or less frequented, the lapse of time between the snowfall and the accident, were all matters to be considered

by them. If, in point of fact, the proper officers of the defendant city did not know of such obstruction when, by ordinary and due diligence and care, they ought to have known of it and removed it, the defendant must be held responsible as in case of actual notice."

The majority opinion does violence to this rule and again evidences a diminishing respect for the findings of fact, made upon conflicting evidence, by a trial court.

I respectfully submit that the judgment should be affirmed.