**Mary Ann BRODERICK and Daniel H. Broderick, Plaintiffs-Appellants,**

v.

**CITY AND COUNTY OF DENVER, Defendant-Appellee.**

**No. 85CA0434.**

Colorado Court of Appeals, Div. I.

Sept. 25, 1986.

Norton Frickey & Associates, P.C., Dan W. Corson, Lakewood, for plaintiffs-appellants.

Stephen H. Kaplan, City Atty., George L. Yingling, Joel Kohn, Asst. City Attys., Denver, for defendant-appellee.

PIERCE, Judge.

In this slip and fall case, plaintiffs, Mary Ann and Daniel H. Broderick, appeal from the summary judgment entered in favor of defendant, City and County of Denver. We affirm.

The material facts are undisputed. Mary Ann Broderick was injured when she slipped and fell on an icy public sidewalk in downtown Denver at about 7:35 a.m. on March 5, 1982. It had been snowing almost continuously in Denver from the early morning hours of March 3rd through the time of the accident, resulting in a total accumulation of about 2.1 inches, of which 0.4 inches fell on March 5th.

The sidewalk on which plaintiff fell had been plowed and cleared of all ice and snow by the abutting property owner's agent between 5:30 a.m. and 6:00 a.m. on March 5th. Plaintiff alleged that she fell on a thin coating of smooth ice on the sidewalk. Similar conditions existed on sidewalks throughout the Denver area because of the generally prevailing weather conditions.

After a hearing, the trial court granted defendant's motion for summary judgment. Based upon *Denver v. Dugdale*, 127 Colo. 329, 256 P.2d 898 (1953), the trial court ruled that defendant was not liable for negligence because, as a matter of law, insufficient time had passed to charge defendant with constructive notice of the dangerous condition on the sidewalk.

I.

Plaintiffs contend that the trial court erred in concluding that *Denver v. Dugdale* was dispositive of this action and in determining, as a matter of law, that defendant could not be charged with constructive notice of the icy sidewalk. Plaintiffs argue that the question of whether sufficient time had passed to charge defendant with constructive notice was for a jury to determine under all the facts and circumstances. We disagree.

In order to hold a municipality liable for negligence in this type of action, a plaintiff must show that the ice had remained on the sidewalk for a sufficient length of time to charge the municipality with constructive notice of the dangerous icy condition and to allow the municipality to take remedial action. *Kanter v. Denver*, 153 Colo. 389, 386 P.2d 349 (1963). Moreover, if icy conditions exist generally over a broad metropolitan area and are caused by natural forces such as weather conditions, the existence of ice on a particular sidewalk for a maximum period of two days is, as a matter of law, an insufficient length of time to charge a municipality with constructive notice of that dangerous condition. *Denver v. Dugdale, supra.*

Here, the undisputed evidence established that the storm which produced the ice had begun no more than two days before the accident. The facts in this case are even more compelling than *Denver v. Dugdale, supra,* because there was uncontroverted evidence that the sidewalk on which plaintiff fell had been plowed "all the way to the cement" less than two hours

before the accident. Plaintiff herself asserted that the ice had not accumulated, and there was no other evidence as to the length of time that the ice had remained on the sidewalk.

Viewed in the light most favorable to plaintiffs, this evidence is insufficient to sustain a jury finding that the ice had remained on the sidewalk long enough to charge defendant with constructive notice of the dangerous icy condition. *Denver v. Dugdale, supra; Gemaehlich v. Holyoke*, 486 P.2d 34 (Colo.App.1971) (not selected for official publication). Accordingly, the trial court properly granted defendant's motion for summary judgment. *See* C.R. C.P. 56.

Judgment affirmed.

STERNBERG and METZGER, JJ., concur.