**Steve DARGON, Plaintiff,**

v.

**Rodney E. KIRK, Jr., M.D., and Kettle Corporation d/b/a Tippler Cafe, Defendants.**

**Civ. A. No. 85–K–0678.**

United States District Court,
D. Colorado.

Dec. 29, 1986.

Rowe P. Stayton, Denver, Colo., Edward G. Fitzpatrick, Natugatuck, Conn., for plaintiff.

Bruce A. Montoya, Englewood, Colo., for defendant, Kirk.

Richard D. Greengard, Karen Truce, Greengard and Senter, Denver, Colo., for defendant, Kettle, Corp.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This case involves a slip-and-fall accident in the Tippler Cafe in Aspen, Colorado. Plaintiff alleges he was dancing on the dance floor and slipped on a wet substance. Defendant Kettle Corporation d/b/a Tippler Cafe has moved for summary judgment arguing its duty to the plaintiff was not breached because it had no actual or constructive notice of a dangerous condition. Obviously this is an issue of fact making a summary proceeding impossible.

Summary judgment is a drastic remedy and cannot be granted when a genuine issue exists as to any material fact. *Jones v. Dressel,* 623 P.2d 370 (Colo.1981). The movant must show entitlement to summary judgment beyond all reasonable doubt. In order to determine the propriety of summary judgment, I must construe all pleadings, affidavits and depositions liberally in favor of the party against whom the motion is made. Where different inferences can be drawn from conflicting affidavits, pleadings and depositions, summary judgment cannot be granted. *United States, etc. v. Santa Fe Engineers, Inc.,* 515 F.Supp. 512, 514 (D.Colo.1981). However, an adverse party may not rest upon the mere allegations or denials of his pleadings. His response, by affidavits or as otherwise provided by Rule 56, must set forth specific facts showing that there is a genuine issue for trial. C.R.C.P., F.R.C.P. 56(e); *Munoz v. Prudential Ins. Co. of America,* 633 F.Supp. 564 (D.Colo.1986). If, from careful examination of all evidentiary matters presented, there can be no reasonble doubt as to the absence of a genuine issue of material fact, the device of summary judgment is an appropriate method for the disposition of the case. *Alaniz Administrator, etc. v. U.S.,* 257 F.2d 108 (10th Cir. 1958). Summary judgment may be granted not only where the facts are undisputed, but when they are such that all reasonable men, in the exercise of fair and impartial judgment, must draw the inference and conclusion therefrom of non-liability. *Franzen & Sons Plumbing, Inc. v. Granite Construction Co.,* 84–K–1218, August 5, 1986 [Available on WESTLAW, DCTU database].

A tavern owner owes the duty to exercise reasonable care for the protection of

persons lawfully on the premises. *Kerby v. Flamingo Club, Inc.*, 35 Colo.App. 127, 532 P.2d 975 (1975). A store operator has a duty to his customers to use ordinary care to keep the floors used by them in a reasonably safe condition. *Safeway Stores, Inc. v. Smith*, 658 P.2d 255 (Colo. 1983); *F.W. Woolworth Co. v. Peet*, 132 Colo. 11, 284 P.2d 659 (1955).

Generally, unless a dangerous condition is created by the operator or its agents, its duty of care is breached only if, after actual or constructive notice, the store operator fails to correct the condition or warn of its existence. *Safeway Stores supra*, at 257; *Adkins v. The Denver Dry Goods Co.*, 167 Colo. 545, 448 P.2d 957 (1969); *The Denver Dry Goods Co. v. Gettman*, 167 Colo. 539, 448 P.2d 954 (1969). There is one exception to the requirement of actual or constructive notice when the storekeeper's operating methods "are such that dangerous conditions are continuous or easily foreseeable." *Jasko v. F.W. Woolworth Co.*, 177 Colo. 418, 494 P.2d 839, 840 (1972). This standard was applied in *Jasko*, in which the plaintiff slipped on a piece of pizza on the defendant's floor. There were no tables or chairs such that patrons had to stand up and eat. The storekeeper conceded that porters were sweeping up the floor continually. The Colorado Supreme Court held:

> When the operating methods of a proprietor are such that dangerous conditions are easily foreseeable, the logical basis for the notice requirement dissolves.

The notice requirement springs from the thought that a dangerous condition, when it occurs, is somewhat out of the ordinary; in such a situation the storekeeper is allowed a reasonable time, under the circumstances, to discover and correct the condition, unless it is the direct result of his (or his employees') acts. *Id.*

This exception was applied in a self-service grocery operation in which "easy access to the merchandise often resulted in its spillage and breakage. This, along with the fact that a customer's attention understandably is focused on the items displayed rather than on the floor, creates a danger-

ous condition." *Safeway Stores, supra* at 257.

The trier of fact must determine whether there was a dangerous condition which created an unreasonable risk of harm. *Wheeler by Wheeler v. County of Eagle*, 666 P.2d 559 (Colo.1983).

Defendant relies on the case of *Broderick v. City and County of Denver*, 727 P.2d 881 (Colo.App.1986), for the proposition that "the question of whether sufficient time had passed to charge a defendant with constructive notice of a dangerous condition was a question of law for the court to decide." *Broderick*, however, must be read much more narrowly. The Colorado Court of Appeals held that:

> If icy conditions exist generally over a broad metropolitan area and are caused by natural forces such as weather conditions, the existence of ice on a particular sidewalk for a maximum period of two days is, as a matter of law, an insufficient length of time to charge a municipality with constructive notice of that dangerous condition.

*Id.*, at 882. *Denver v. Dugdale*, 127 Colo. 329, 256 P.2d 898 (1953). Under the circumstances of the *Broderick* case, then it was undisputable that the ice had not remained on the sidewalk long enough to charge the defendant with constructive notice of the dangerous icy condition.

Generally, the existence of a dangerous condition, and whether the invitee has proven such a condition to exist must depend on the circumstances of each case. *Montgomery Ward & Co. v. Kerns*, 172 Colo. 59, 470 P.2d 34 (1970). Though the length of time for which a dangerous condition has existed is one of the most imporant factors in connection with the question of constructive notice, it is not the only factor to be considered. This is not an issue which can be resolved *solely* on the basis of a stop watch reading. On the contrary, it can only be resolved after a consideration of *all* the facts and circumstances of the case at hand. *Miller v. Crown Mart, Inc.*, 162 Colo. 281, 425 P.2d 690 (1967). The *Miller* court held that:

How long a storekeeper may fail to find or correct a dangerous condition on a floor or stairway in his store without being liable to a customer for injuries resulting therefrom depends upon the facts and circumstances in each particular case. The question requires a consideration of the nature of the condition, its foreseeable consequences, the means and opportunities of discovering it, the diligence required to discover and correct it, and the foresight which a person of ordinary prudence would have exercised under similar circumstances.

*Miller* at 692. Where no inference could reasonably be drawn that the storekeeper could have discovered the condition by the exercise of reasonable care, the court should decide the case as a matter of law. But where it might reasonably be decided that the storekeeper could have discovered the dangerous condition by the exercise of reasonable care, the case should be submitted to the jury. *Id.*

In the instant action, whether defendant breached a duty of reasonable care should be left to a jury to determine. There are genuine issue as to material facts, i.e. whether a dangerous condition existed from either snow tracked into the cafe or from spilled drinks; whether defendant knew or should have known of such a condition; and whether defendant conducted its business in such a manner as to be on constructive notice of a dangerous condition.

IT IS THEREFORE ORDERED THAT:

Defendant Kettle Corporation d/b/a Tippler Cafe's Motion for Summary Judgment is hereby DENIED.