William H. Jenkins *vs.* The Mayor and Council of Wilmington, a municipal corporation of the State of Delaware.

1. Municipal Corporations—Defect in Street—Depression in Crossing—Negligence.

A depression worn in a flagstone crossing about one inch deep and about the size of an ordinary writing tablet, where water would lie from rain or melting snow, was not sufficiently dangerous to charge defendant city with negligence in allowing it to remain for four years under ordinary circumstances.

2. MUNICIPAL CORPORATIONS—DEPRESSION IN CROSSING—SNOW AND ICE
—NOTICE.

Formation of ice in such depression during a general snowstorm, making
travel over the crossing dangerous, did not make the city liable for one slip-
ping and falling thereon, unless the city had actual notice of its condition, or
unless it had been permitted to remain there a sufficient time to impute notice
to and charge the city with the duty of removing it.

(*June* 14, 1915.)

Judges RICE and HEISEL sitting.

*Philip L. Garrett* and *Frank L. Speakman* for plaintiff.

*Daniel O. Hastings*, City Solicitor, and *Clarence A. Souther-
land* for defendant.

Superior Court, New Castle County, May Term, 1915.

Action by William H. Jenkins against the Mayor and
Council of Wilmington. Verdict for defendant.

ACTION ON THE CASE (No. 38, May Term, 1914) brought by
the plaintiff to recover from the defendant corporation for per-
sonal injuries to the plaintiff alleged to have been occasioned
by slipping and falling upon the flagstone crossing at Fifth and
Market Streets, in the City of Wilmington, on the twenty-first
day of February, 1914. The plaintiff claimed that there was a
small depression in the flagstone in which water had accumulated
and afterwards became ice upon which snow had fallen partially
concealing the ice, and that when he stepped aside to allow some-
one to pass him upon the street, he stepped upon the slippery
ice and violently fell upon the flagstone causing the injuries
complained of.

Evidence was adduced that the depression in the flagstone
had existed for about four years prior to the accident. The ice
was formed during a general snowstorm.

When plaintiff rested, the city solicitor moved for a nonsuit
for reasons disclosed in the opinion of the court granting the
motion.

HEISEL, J., delivering the opinion of the court:

[1] The evidence in this case as to the defect in the cross-
ing showed there was a depression about one inch deep, worn

Directed Verdict.

there by travel, and in area somewhat larger than an ordinary writing tablet, where the water would lie from rain or melting snow. Such depression is clearly not sufficiently dangerous to charge the defendant with negligence for allowing it to remain, under ordinary circumstances.

[2] If there was an accumulation of water in the depression which afterwards became ice, and if it thereby became a dangerous thing to travel over the crossing, it has not been shown that the defendant had actual notice of its condition, nor has it been shown that it was permitted to remain there a sufficient length of time to impute notice to the defendant and thereby charge the defendant with the duty of removing it.

After carefully considering the evidence, in the length of time we had for considering it, we feel constrained to grant the motion for a nonsuit, and therefore order a nonsuit.

*Mr. Garrett:*—We decline to take a nonsuit.

HEISEL, J., continuing, directed the jury to return a verdict for the defendant.

Verdict for defendant.