ALEXANDRA MIK *vs.* THE CITY OF MERIDEN.

Third Judicial District, New Haven, June Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

A complaint setting forth that on May 2d, the plaintiff gave the defendant city written notice that, as the result of a fall upon a defective sidewalk on January 19th, she suffered an internal injury "which could not at that time be determined," but not alleging when it could or should have been determined, was demurrable for failure to meet the requirement of § 1414 of the General Statutes that such notice shall be given within sixty days after the injury.

Whether the sixty-day period runs from the date of the occurrence of the injury, regardless of whether its existence is then known, or should have been known, to the plaintiff, *quaere.*

Argued June 8th—decided June 28th, 1927.

ACTION to recover damages for personal injuries, alleged to have been caused by a defective highway, brought to the Superior Court in New Haven County

where the defendant's demurrer to the complaint was sustained and, upon the refusal of the plaintiff to plead further, judgment was rendered (*Ells, J.*) for the defendant, from which the plaintiff appealed. *No error.*

*Frederick S. Harris,* for the appellant (plaintiff).

*Cornelius J. Danaher,* for the appellee (defendant).

WHEELER, C. J. The appeal is from the sustaining of the demurrer for the reason that the complaint alleges that no written notice of the injury, and the nature and cause thereof, and the time and place of its occurrence, was given by the plaintiff to the defendant until May 2d, 1926, and the injury plaintiff is alleged to have suffered occurred on January 19th, 1926. General Statutes, § 1414, prescribes that before an action can be brought against a city for injuries suffered from a defective highway, written notice of the injury shall be given within sixty days thereafter. The giving of this notice is expressly made a condition precedent to the right of action given by the statute. *Forbes* v. *Suffield,* 81 Conn. 274, 70 Atl. 123; *Crocker* v. *Hartford,* 66 Conn. 387, 389, 34 Atl. 98. By the terms of the statute the sixty day period runs from the time of the "injury." It was assumed by counsel for the defendant that *Crocker* v. *Hartford, supra,* decided that where the existence of the internal injury was unknown to a plaintiff and the written notice was given within sixty days after the discovery of the injury, the action under the statute would not lie because the notice had been given more than sixty days after the injury. The case did not decide that point. It decided this point and none other: "The proposition," says HALL, J., "presented by the complaint before us is, that a person who, by reason of a defect in a street, consisting of

snow and ice, has received an internal injury, the existence of which he neither knows nor suspects until more than fifteen days after he has received it, may, nearly two years after he has become aware of his injury, and without having given any notice other than by the commencement of suit, maintain an action under the section above referred to, against the city required by its charter to keep its streets in a safe condition for public travel." The misconception of the point decided in this case may be attributable to the headnote which says that "a failure to give the notice is not excused by the fact that the person injured had no suspicion or knowledge of the injury until after the time for giving the notice had expired." What we decided was that the failure of the plaintiff to give any notice for nearly two years after he had become aware of the injury did not give him a right of action against the city for an injury for a defective highway.

The same interpretation of the statute must have followed had the notice not been given within sixty days after he had become aware of the injury. Paragraph six of the complaint alleges that the plaintiff on January 19th stumbled over the projection of a flagstone upon the sidewalk and fell causing her to suffer an internal injury so that it resulted in her giving birth prematurely to a child who died as a result of the miscarriage. The internal injury is alleged to have been "a condition which could not at that time be determined." Counsel for the plaintiff assumes that the date of the miscarriage and the attendant shock is the beginning of the running of the sixty-day notice. The complaint does not so allege. When the internal injury could have been determined is not alleged. It may have been determined, or been capable of being determined, at any time after the day of the fall, January 20th; if so, the sixty-day period would

have begun from that date, and the plaintiff, by not having given the notice until May 2d, 1926, as the complaint alleged, would not have given the statutory notice within the prescribed period. If the complaint had alleged that the internal injury suffered in consequence of her fall was not known to the plaintiff, and could not have been known to her until the time of the miscarriage, the question which plaintiff's counsel assumes would be before us.

The complaint does not allege that the plaintiff gave the required notice within sixty days from the time she knew or ought to have known of the internal injury. Whether or not the sixty-day period begins to run from the date of the injury, regardless of whether it were known, or ought to have been known to the plaintiff, we do not consider or determine, since the record does not involve it.

There is no error.

In this opinion the other judges concurred.