## Simon, Appellant, *v.* Kahn.

Argued April 23, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

212

*A. L. Levi,* of *Levi & Mandell,* for appellant.

*William A. Carr* and *Sidney L. Krauss,* for appellee, were not heard.

PER CURIAM, May 25, 1931:

Plaintiff, Albert L. Simon, sued to recover commissions he alleged were due him under the terms of an oral contract with defendant. The trial judge entered a nonsuit, which the court in banc refused to take off and plaintiff appealed.

Plaintiff had been employed by defendant as a salesman of jewelry and novelties for a period of 11½ years. During the first six years his employment was under a written contract which was terminated, and from September, 1922, to March, 1928, when he resigned his position, his employment was under an oral agreement providing for a commission of 20% "on business brought in through [him]," except on designated articles not here involved, on which a different commission was paid. In October, 1922, plaintiff's brother, Fred M. Simon, whose business was selling advertising novelties on a brokerage basis, purchased a sample order of lead pencil sharpeners from defendant, plaintiff alleges at his suggestion, and for over four years thereafter, Fred M. Simon sent orders to defendant for sharpeners similar to those purchased in the sample order. The goods so sold were billed by defendant to customers secured by Fred Simon, at prices named by the latter, who received for his commission the difference between the price charged him by defendant and the price at which customers were billed. Plaintiff claims 20% commission on all business received through his brother by defendant, averring that he "brought it in." Commissions on these sales were at no time included in the periodical settlements between

plaintiff and defendant, and no claim was made for them until after plaintiff left defendant's employ. The testimony definitely indicates that defendant employed Fred Simon and dealt directly with him as his salesman and agent, and that the latter was interested in selling for defendant other novelties in addition to pencil sharpeners. The opinion of the court below, upheld by the court in banc, states: "The court is......of opinion that under the admitted facts Fred Simon in all these transactions acted as broker or agent for the defendant, and received the brokerage fee for such; that being so, the plaintiff cannot recover from defendant a commission on his business, inasmuch as it would not be business brought in by or through plaintiff within the meaning of that phrase in the contract testified to by plaintiff." A reading of the testimony fails to show that plaintiff sustained his claim, on the contrary, the record discloses an arrangement between plaintiff and defendant which did not contemplate the former receiving commissions on business procured by other agents.

The order of the court below refusing to take off the nonsuit is affirmed.