ELIZABETH KULISH *vs.* CLARENCE E. CRAY, C. T.

APRIL 18, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This is an action of trespass on the case for negligence brought against the City of Providence to recover for personal injuries sustained by the plaintiff as the result of falling upon a sidewalk. The case is before us on the plaintiff's exception to a ruling granting the defendant's motion for a nonsuit.

The plaintiff testified that at about noon on January 15, 1925, while walking along a tar sidewalk on Pearl street, she fell, by reason of slipping upon ice, and received the injuries complained of. Her contention is that the city was negligent in permitting a slight depression, sufficient to hold water and accumulate ice, to remain in said sidewalk. The

depression was approximately the shape of a triangle with two equal sides and a base of six and three-fourths inches. The distance from the apex to the base was nine inches. The depression at the apex, along the sides and generally, was about one-fourth of an inch in depth, except at the base, where the depression at one end was one inch and one-fourth and at the other end three-fourths of an inch in depth. The base of the triangle was approximately parallel with the edge of the sidewalk, and it does not appear whether the depression at the edge of the base was sharp or otherwise. However, the greatest depth of the depression was one inch and one quarter. Said ruling was based on the ground that the city was not negligent in permitting so slight a depression to remain in the sidewalk.

The question is whether a municipality is liable for injuries sustained by a fall caused by a mere slipping upon ice accumulated in a depression as a natural result, in low temperature, of rain and surface water collecting therein instead of draining off into the street.

The subject of ice and snow on sidewalks has been to some extent regulated in this State by statute. Section 13, Chapter 96, General Laws 1923, provides that the several towns shall provide by ordinance for the removal of snow and ice from public highways "but nothing in this chapter contained shall be so construed as to render any town or city liable for any injury to person or property caused by snow or ice obstructing any or any part of the highways therein, unless notice in writing of the existence of the particular obstruction shall have been given to the surveyor of highways within whose district such obstruction shall exist, at least twenty-four hours before the injury was caused, and such town or surveyor shall not thereupon within said time have commenced the removal of such obstruction, or caused any sidewalk which may have been obstructed by ice to be rendered passable, by spreading ashes or other like substances thereon." It is admitted that no

notice of the ice in question was given as provided in said section.

In view of the above statute it is clear that the city is not liable merely because of the presence of ice. On the other hand, it is clear that a municipality is liable if, in addition to the ice, another proximate cause of the accident was a dangerous defect in the sidewalk, such as an unreasonably high projection, against which the plaintiff trips, a dangerous hole or trap into which he steps or within which his foot is caught. As to the middle ground, where the defect is not dangerous except for the presence of the ice, there is some conflict of authority, and the language of the opinions of this court has not been entirely consistent.

Dillon on Municipal Corporations, § 1007, has been cited in some of our earlier decisions as approving the proposition that the municipality is liable if the accident would not have occurred except for some depression in the sidewalk; in other words, that the municipality is liable if it permitted ice to form in some slight depression in a sidewalk. This view practically abrogates the statute. The authorities cited do not support the proposition. The author did not intend to, and did not as a fact, state any such rule. The text has, more than once, been quoted as follows: "Where two causes combine to produce the injury, both in their nature proximate, the one being the defect in the highway and the other some occurrence for which neither party is responsible, the corporation is liable, provided the injury would not have been sustained but for the defect in the highway." By reason of this misquotation a meaning which the author never intended has been attributed to his language. The correct quotation is as follows: "Where two causes combine to produce the injury, both in their nature proximate, the one being the defect in the highway and the other some occurrence for which neither party is responsible, such as the accident of a horse running away beyond control, the corporation is liable, provided the

injury would not have been sustained but for the defect in the highway."

In *Hampson* v. *Taylor*, 15 R. I. 83, the court approved an instruction to the jury as follows: "If the sidewalk where the accident happened was so defective as to render the town liable in case an accident had happened by reason of the defect in the absence of the obstruction caused by the ice, and this accident happened by reason of such defect and would not have happened but for it, then the town is liable, even though the ice was one of the proximate causes of the accident."

As applied to the facts in that case the instruction was correct, as the court held, but the case did not involve ice which resulted from water being detained in a depression. The entire "street was covered by a thin film of ice." The street at the place of the accident "was washed and gullied, with cobble-stones left exposed in the gully." The defendant adduced testimony to show that the fall could not have occurred but for the gully or, if it had occurred, would not have seriously injured him. The point to the case was that a defect—other than the ice—for which the town was responsible was one of the proximate causes of the fall. The citation from Dillon's work was appropriate but it is perhaps unfortunate that the quotation was not complete, because it has been relied upon as an authority for the proposition that a municipality is liable when the sole proximate cause of the accident was ice in a slight depression which, in the absence of ice, was not a dangerous defect.

In the case of *McCloskey* v. *Moies*, 19 R. I. 297, the plaintiff was injured by falling in the night time on ice which had accumulated on the sidewalk of a bridge as a result of water collected in a depression caused by a sag in the water-tight flooring. So far as the opinion discloses, nothing except the ice contributed to the fall. It was held that a nonsuit was unwarranted. The decision was based squarely upon *Hampson* v. *Taylor, supra,* which, excepting

the misquotation from Dillon, was in no respect an authority for the opinion.

In *Allen* v. *Cook*, 21 R. I. 525, the plaintiff was injured by a fall caused by stepping upon ice in a gutter which was constructed across the sidewalk to carry off surface water. The gutter was twenty inches wide and three inches deep in the middle. In the bottom of the gutter was a slight depression sufficient to contain water. A verdict for the plaintiff was set aside. The court said: "The mere presence of ice, therefore, on which the plaintiff slipped, in the absence of notice in accordance with the statute, is not enough to render the city liable. It is necessary for the plaintiff, in order to recover, to adduce evidence, as was done in *Hampson* v. *Taylor*, 15 R. I. 83, that the accident would not have occurred but for the gutter; or, in other words, that the gutter as it existed at the time of the accident constituted such a defect as would have rendered the city liable, in case the accident had happened by reason of it, in the absence of the ice."

The justice who wrote the opinion in *McCloskey* v. *Moies, supra,* dissented and again relied upon the incomplete quotation from Dillon's work.

In *Horton* v. *Cray*, 133 A. (R. I.) 811, a ruling directing a verdict for the defendant was sustained. The plaintiff testified that: "This foot came in contact with something like a little lump, and went down under me, and I went right in a heap in this hollow. It was a hole." The hole was caused by a settling of the bricks of which the sidewalk was constructed. At the edge of the depression the bricks were level with the rest of the walk. In the deepest part the depression was one and seven-eighths inches lower than the general level of the walk. The court said: "The presence of ice or an icy lump upon which the plaintiff slipped, in the absence of notice to the city in accordance with the statute, is not enough to render the city liable."—citing *Allen* v. *Cook, supra*—"The plaintiff failed to establish that her fall was caused by the depression in the walk testified

to by her witness the civil engineer. A city, however, is not bound to maintain a sidewalk upon an absolutely even plane and without slight variations in its surface. The depression which the plaintiff's witness described would be insufficient to support a finding that the sidewalk in question was defective at that place."

In *Hopson* v. *City of Detroit*, 235 Mich. 248, it was held that there could be no recovery for injuries resulting from a fall caused by slipping upon ice which filled a depression of two to four inches in a sidewalk. The court said: "Where two causes combine to produce an injury to a pedestrian using a sidewalk, one of the causes at least must be a defect in the walk, rendering the walk not reasonably safe for public travel at any time." See also *Jenkins* v. *Wilmington*, 28 Del. 471.

In the case before us the depression was not a proximate cause of the accident and was not even a defect within the meaning of the statute. *Horton* v. *Cray, supra*. The sidewalk in question was on a cross-street far removed from the business and shopping districts and there was no one in sight when the plaintiff fell. Certain cracks, harmless in themselves, extended from the depression across the walk. Surface water may, to some extent, have followed along these cracks, and become deposited in the depression. However, the city did not maintain or permit a nuisance, as is the case when a broken hydrant or a conductor discharges water upon the walk. It would require a vast and an unnecessary expenditure of money to enable a city to maintain all of its sidewalks with a surface so smooth as to be devoid of slight depressions in which water may freeze. In attempting to relieve municipalities from liability from snow and ice when no notice has been given, the legislature did not intend to impose such an intolerable burden. As the court said in *Beltz* v. *City of Yonkers*, 148 N. Y. 67: "If the existence of such a defect is to be deemed evidence of negligence on the part of a city, then there is scarcely any street in any city that is reasonably safe within the

rule, and when accidents occur the municipality must be treated, practically, as an insurer against accidents in its streets. The law does not prescribe a measure of duty so impossible of fulfillment or a rule of liability so unjust and severe."

If one of the proximate causes of the plaintiff's fall had been a high projection against which she struck her foot or a hole into which she stepped, a different question would be presented. In construing the Massachusetts statute, which provides that no city or town shall be liable for damage or injuries caused by snow or ice upon any part of a highway, provided "the place at which the injury or damage was received or suffered was at the time of the accident otherwise reasonably safe and convenient for travellers," the Supreme Judicial Court of Massachusetts, in *Newton* v. *Worcester,* 174 Mass. at 187, said: "We think the proper and only reasonable interpretation of the statute is, that wherever ice or snow is the sole proximate cause of the accident, there shall be no liability, but where at the time of the accident there is any other defect to which as a proximate cause the accident is in part attributable, there may be a liability notwithstanding the fact that it also may be attributable in part to ice or snow. This other defect, however, is not a proximate cause within the meaning of this rule, simply because it causes the accumulation of the ice or snow."

While the phraseology of the Massachusetts statute differs somewhat from our own, there appears to be little, if any, difference in the general purpose and meaning of the two statutes, other than that in this State there may be liability provided notice has been given in accordance with the statute. Since it appears that no defect in the walk was one of the proximate causes of the accident and that the fall was caused solely by a slipping upon ice, for the consequences of which, in the absence of notice as prescribed by statute, there is no liability, it follows that the ruling nonsuiting the plaintiff was correct.

The plaintiff's exception is overruled and the case is remitted to the Superior Court for the entry of judgment on the nonsuit.

STEARNS, C. J., dissenting. I do not concur in the preceding opinion. Plaintiff's exception to the nonsuit should be sustained.

The undisputed evidence establishes these facts: Plaintiff, while walking on a concrete sidewalk on Pearl street near Broad street in a thickly settled part of the city of Providence, slipped on some ice near the center of the sidewalk, fell and suffered serious injury. The sidewalk—nine feet in width—sloped downward from a fence at the inside of the sidewalk to the curb. It appears that a long time before this accident occurred a certain place in the center of the sidewalk had sunk in thereby creating a hole irregular in shape with rough edges. One witness testified that in the summer preceding the time of the accident, while walking on this part of the sidewalk, he "happened to step on the ridge (of the hole) with his heel"; that "he went down with the heel, having the right side of the right heel on that ridge, the left side down in that hole, the rest of the foot on the other side"; his ankle was "bent" but he succeeded in saving himself from falling.

The trial justice viewed the hole. It was ten inches long and six and three-quarter inches wide with a depth varying from three-quarters to one and one-quarter inches. Said justice states that at the view of the premises he and some of the jurors "put their feet into this depression"; that he failed to find it interfered with his walking in any way and in his opinion the depression was not sufficient to justify a finding that it was a defect in the sidewalk. In making this ruling the trial justice took upon himself the function of the jury. In *Quinn et ux.* v. *Stedman, T. T.,* 50 R. I. 153, it was argued that the defect established was so trivial that no danger therefrom ought reasonably to have been anticipated by the town. We held that the trial justice did not err in submitting this question to the jury.

Without further reference to other descriptive evidence, in my opinion the trial court was not justified in ruling as a matter of law that there was no evidence that this sidewalk was in a defective condition. Several days before the accident it had rained; surface water and water from the adjacent land had run into this hole where it remained; when the weather became cold, the water naturally turned into ice. There was no snow or ice elsewhere on the sidewalk. Without the hole there would have been no ice. This hole and the ice covering it are the proximate and concurring causes of the accident.

The leading case in this State on this class of cases is *Hampson* v. *Taylor*, 15 R. I. 83, which was decided in 1885. In that case a traveler on a street in Bristol was injured by slipping and falling on the street in a place which was washed and gullied, with cobblestones left exposed in the gully. The street was covered with a thin film of ice caused by rain falling and freezing the previous night. A verdict for plaintiff was sustained. Defendant excepted to the following instructions given to the jury: "If the sidewalk where the accident happened was so defective as to render the town liable in case an accident had happened by reason of the defect in the absence of the obstruction caused by the ice, and this accident happened by reason of such defect and would not have happened but for it, then the town is liable, even though the ice was one of the proximate causes." This exception was overruled. The court, speaking through Durfee, C. J., after considering cases cited, chiefly from Massachusetts and Maine, which hold that an action will not lie when the injury is not the result solely of the defect but of the defect and another cause for which the town is not liable concurring with it, declined to approve such a rule. The court then declared the rule of law which has since been consistently followed in numerous cases, reported and unreported, that when two causes combine to produce the injury both in their nature proximate the one being the defect in the highway and the other some

occurrence for which neither party is responsible, the municipality is liable, provided the injury would not have been sustained but for the defect in the highway. Also that it was the duty of the town in making and mending its highways to consider the natural effects of rain and snow and ice as affecting the safety of travel thereon, except so far as the statute exonerates them from duty in that regard.

The rule established in *Hampson* v. *Taylor, supra,* is sound in principle and in accord with the better authorities. Unless the *Hampson* case is to be disregarded or overruled the granting of the nonsuit was erroneous.

SWEENEY, J., concurs in the opinion of STEARNS, C. J.

*Edward H. Ziegler, Aram A. Arabian,* for plaintiff.

*John C. Mahoney, City Solicitor, John T. Walsh, Assistant City Solicitor,* for defendant.