NINA L. ANDREWS *vs.* CITY OF BRISTOL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 8th—decided November 5th, 1935.

*S. Russell Mink,* with whom was *Frederick W. Beach,* for the appellant (plaintiff).

*DeLancey S. Pelgrift,* with whom, on the brief, was *F. V. Tracy,* for the appellee (defendant).

BANKS, J.   The complaint alleged that on January 8th, 1934, the plaintiff slipped and fell upon an accumulation of ice on the sidewalk of Willis Street in the city of Bristol, and that her fall and resulting injuries were caused by the defective condition of the walk and by the negligence of the defendant in permitting it to be covered with ice for a period of a week prior to her fall.   It also alleged that the sidewalk was so constructed and maintained as to constitute a nuisance.   The complaint alleged that the plaintiff gave the defendant written notice of her injury on July 19th, 1934, and, in an amendment to the complaint, that the notice was given within sixty days from the time when she knew or ought to have known that her injuries were caused by the fall.   The defendant demurred to the allegations of the complaint as amended, setting up a cause of action for a defective highway, upon the ground that it did not appear that the plaintiff had given the defendant the notice of her injuries required by the statute.

General Statutes, § 1420, provides that no action for injuries caused by a defective highway shall be maintained against a city bound to keep it in repair unless written notice of the injury be given within sixty days, or, if the defect consists of snow or ice or both, within ten days.   The giving of the notice is expressly made a condition precedent to the right of action given by the statute; *Crocker* v. *Hartford,* 66 Conn. 387, 390, 34 Atl. 98; *Mik* v. *Meriden,* 106 Conn. 393, 394, 138 Atl. 129; and a complaint which does not

allege the giving of the notice required is insufficient, *Forbes* v. *Suffield*, 81 Conn. 274, 276, 70 Atl. 1023, unless the action is brought within the time limited for the giving of the notice. General Statutes, § 1420. The allegations of the complaint that the plaintiff slipped and fell upon an accumulation of ice on the sidewalk and that the defendant was negligent in permitting the sidewalk to be covered with ice, allege a defect consisting of an accumulation of ice on the sidewalk upon which the plaintiff slipped; consequently notice was required to be given within ten days. By the terms of the statute the period within which the notice must be given runs from the date of the injury. The plaintiff appears to claim that the notice runs from the date when she knew or reasonably should have known that she had suffered injuries resulting from her fall, and alleges that she gave notice to the defendant within sixty days of that date. If it be assumed that the notice might be held to run from that date, as to which we express no opinion, the allegation as to notice is insufficient since, even upon that assumption, the defect having been caused by ice upon the sidewalk, the plaintiff would be bound to allege and prove a notice within ten days rather than within sixty days as alleged. The court did not err in sustaining the demurrer.

The plaintiff claimed that the construction of the sidewalk upon which she fell was inherently dangerous and that, as constructed and maintained, it constituted a nuisance. The finding of the court upon this issue, which is not subject to material correction, discloses this situation: Willis Street runs south from South Street in Bristol up what is known as South Mountain. The grade rises sharply to the south, and at various points in the vicinity of the spot where plaintiff fell ranges from 12.5 per cent. to 18.1 per

cent. Adjoining the sidewalk on the east side of the street where the fall occurred there is a bank about three and a half feet high. The sidewalk was constructed about ten years ago, is of the usual type of concrete, and has a cross pitch of one and one-fourth inches in the width of the walk running from east to west, which is standard construction for such a type of walk. On a sidewalk built at such a steep grade the degree of cross pitch is not important in providing for draining the surface water. The construction of the sidewalk was not such that it accumulated water to a greater extent than is ordinarily the case. The surface of the walk was structurally in good condition. There was a severe sleet storm the night preceding the plaintiff's fall, and ice formed on all the streets and sidewalks in the neighborhood. It was this ice which caused the plaintiff to fall.

The contention of the plaintiff is that this sidewalk was built at an excessive and dangerous grade, that the construction of a sidewalk at such a grade without providing guard rails or other means of protecting and assisting the pedestrian using the walk, which was designed for use under all weather conditions, had a natural tendency to create danger and inflict injury upon persons using the walk and therefore constituted a nuisance. " 'If the natural tendency of the act complained of is to create danger and inflict injury upon person or property, it may properly be found a nuisance as matter of fact; but if the act in its inherent nature is so hazardous as to make the danger extreme and serious injury so probable as to be almost a certainty, it should be held a nuisance as matter of law.' " *Meeker* v. *New York,* 190 N. Y. 481, 488, 83 Atl. 565; *Hoffman* v. *Bristol,* 113 Conn. 386, 389, 390, 155 Atl. 490. The trial court found that the sidewalk became dangerous only when ice formed thereon by

reason of natural causes, and that there was nothing which it was practicable for the city to do by way of construction which would have rendered it more safe when coated by ice. Where a city has used reasonable care in the construction of a sidewalk and it thereafter becomes dangerous by reason of natural causes against which there is no safeguard that the city may reasonably be required to adopt, the city is not liable upon the ground of nuisance. 46 C. J. p. 655, §§ 19, 20. The conclusion that the sidewalk as constructed and maintained did not constitute a nuisance as a matter of fact was one which it was open to the trial court to reach upon the subordinate facts found. We cannot say that this sidewalk was so constructed that, apart from the effect of natural causes, serious injury resulting from its use was so probable as to render it a nuisance as a matter of law.

There is no error.

In this opinion the other judges concurred.