Hood *v.* Allen *et al.* (two cases).

(*Jackson,* April Term, 1949.)

Opinion filed February 10, 1950.

Rehearing denied March 17, 1950.

WESLEY HARVELL, C. C. CRABTREE and JOHN HEISKELL, all of Memphis, for plaintiffs in error.

R. G. DRAPER and JAMES L. HUTTER, JR., both of Memphis, for defendants in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This appeal presents two consolidated cases, one by Mrs. A. L. Hood to recover damages for personal injuries sustained by her when she fell on a sidewalk in the City of Memphis, and one by A. L. Hood, her husband, for loss of services and medical expenses, against the City of Memphis and its Light, Gas and Water Division, charging negligence on the part of defendants' servants in creating a dangerous condition on the sidewalk. The jury returned verdicts in favor of the plaintiffs, which were approved by the trial court. Defendants

appealed in error to the Court of Appeals, and that Court affirmed the judgments of the lower court. *Certiorari* has been granted and argument heard.

Mrs. Hood was injured when she fell as the result of having stepped on a pile of dirt or mud upon a sidewalk in the City of Memphis. The proof shows that the accident happened on the north side of Richmond Street, about 8 o'clock on the morning of October 4, 1946. For several days before the accident, the Light, Gas and Water Division of the City had been running a pipe from the street underneath the sidewalk to a point where an alley extended northward from the street. During the progress of the work, barricades had been maintained in the street near the sidewalk. Dirt from the necessary excavations had been piled in the alley and on the sidewalk as the work progressed. The pipes had been laid in the excavations, the work completed and the barricades removed. It had been raining for several days prior to and on the night before the accident, causing some of the dirt from the excavations to be washed into the alley, which alley crossed and formed a part of the sidewalk. Mrs. Hood and her husband lived on the north side of Richmond Street in the vicinity of the accident. They left their home shortly before 8 o'clock in the morning and walked down the north side of Richmond, intending to catch a bus. It was necessary for them to pass over the alley, the surface of which was slightly lower than the level of the sidewalk. At that time the sidewalk and the alley were covered with a thin coat of mud. The mud was "caked on top," with the result that it appeared to be smooth and hard, and it was the same color as the sidewalk. Underneath the apparently hard top coat, the mud was "mushy." Mr.

and Mrs. Hood stepped from the sidewalk and proceeded across the alley, and as Mrs. Hood stepped onto the sidewalk on the opposite side, her foot slipped and the injury resulted.

Counsel for defendants insist that plaintiffs knew of the work being done in the street by the City and should have reasonably avoided the mud by going outside or around it, and that mud covering an inch and a half or two inches on the street did not constitute actionable negligence.

■ Mr. King, supervisor of the work for the City, testified that following a heavy rain about 2 o'clock in the afternoon on the day prior to the accident, surplus dirt washed on the street and his crew cleaned it off; that rain fell during the night and the injury to Mrs. Hood occurred about 8 o'clock the next morning before he went back to work.

"The *mere slipperiness of a sidewalk*, occasioned by ice or snow, not being accumulated so as to constitute an obstruction, is not ordinarily such a defect as will make the city liable for damages occasioned thereby. Where there is snow upon a sidewalk, and it is rendered slippery, there is danger of injury from slipping and falling, even on the best constructed walks. At such times, there is imposed upon foot-travellers the necessity of exercising increased care; . . ." Dillon on Municipal Corporations, 5th Ed., Vol. 4, Section 1697, p. 2966.

In *City of Memphis* v. *McCrady*, 174 Tenn. 162, 166-167, 124 S. W. 2d 248, 249, this Court said: "The injury to plaintiff resulted from striking her heel against an uneven section of the sidewalk. As she was walking along the pavement in daylight, her heel struck against

a rise at the expansion joint which projected two and a half inches above the adjacent block, and the fall upon the pavement injured her. There was nothing unusual about the situation surrounding plaintiff at the time. The projection at the expansion joint extended evenly all the way across the sidewalk. It was a defect that did not obstruct the use, and it could not be foreseen or anticipated that injury would result from use of the sidewalk in the exercise of reasonable care. The undisputed facts present no issue for the jury. The only inference is that it could not be reasonably foreseen or anticipated that injury would result from use of the sidewalk by persons exercising ordinary care. Under such circumstances, the Court of Appeals properly held that a verdict should have been directed.''

In *O'Reilly* v. *City of Syracuse,* 49 App. Div. 538, 63 N. Y. S. 520, 521, it was held that a municipal corporation is not liable for personal injuries sustained by a pedestrian who, while crossing an asphalt-paved street at a street intersection, slips upon a coating of mud which has spread from an unpaved sewer trench on an intersecting street and covers the entire surface of the street with a smooth, level coating an inch and a half or two inches in depth, although such condition had existed for a period of six weeks prior to the accident. In that case the Appellate Division of the Supreme Court of New York said: ''Our attention has not been called to any case where a pedestrian has sought to recover damages against a municipality on account of an accident which resulted because it failed to keep its streets free from mud, or because they were permitted to become slippery on account thereof, and we know of no principle which would justify a holding that such failure on the

part of a municipality constitutes actionable negligence.''
See Dillon on Municipal Corporations, 5th Ed., Vol. 4,
Section 1697, p. 2967.

In *City of Dayton* v. *Fox*, 254 Ky. 51, 70 S. W. 2d 961,
963, the Court of Appeals of Kentucky said: ''It is well
settled that the liability of the city is not that of a guar-
antor or insurer of the safety of the pedestrian. The
city is only bound to use reasonable care in making
the streets and sidewalks safe and convenient for travel.
It is under no obligation to provide for everything that
may happen upon them but only for such things as ordi-
narily exist or such as may be reasonably expected to
occur to the users thereof when in the exercise of ordi-
nary care for their own safety. *City of Pikeville* v.
*Williams*, 213 Ky. 52, 280 S. W. 467.''

We must conclude from the record before us
that it could not be foreseen or anticipated by the City,
that injury would result to pedestrians from use of the
sidewalk in the exercise of reasonable care. The undis-
puted facts presented no issue for the jury. It is a
well-settled rule that a municipal corporation is not an
insurer of its streets. Pedestrians are required to use
ordinary care in walking on the streets of a city. The
record discloses that the plaintiffs knew of the work
being done in the street by the City, and they could have
easily avoided this slippery place by going outside or
around it. Under the circumstances, we do not think
the City was liable on the ground that this thin layer
of mud accumulated in an alley was an act of negligence,
and such being the case, it is not necessary to determine
whether Mrs. Hood was guilty of such contributory neg-
ligence as would bar her recovery.

■ As to the question made by counsel for defendants that this suit cannot be maintained because the City was not given the required statutory notice by plaintiffs, we do not think the City is entitled to notice where the injury complained of resulted from an obstruction or defect in a sidewalk created by the City itself. Therefore, the required statutory notice would not apply here. *Elrod* v. *Town of Franklin,* 140 Tenn. 228, 204 S. W. 298; *Williams* v. *City of Nashville,* 145 Tenn. 668, 238 S. W. 86.

For the reasons stated above, the judgments of the Circuit Court and the Court of Appeals are reversed and the suits dismissed.

All concur.

### ON PETITION TO REHEAR.

Petition to rehear has been filed in these cases in which petitioners rely strongly upon the case of *Osborn et al.* v. *City of Nashville,* 182 Tenn. 197, 185 S. W. 2d 510. In that case the evidence showed that defendant Collins had painted the sidewalk with thick, glossy paint some five months prior to the accident; that this made a slippery surface on the sidewalk when it was wet; that the unpainted sidewalk on either side of the painted sidewalk was not abnormally slippery when wet. The evidence further showed that prior to plaintiff's fall, others had slipped and fallen on the painted sidewalk when it was wet; that city policemen and firemen on foot and in patrol cars in the street, had passed the painted sidewalk and observed its condition. The evidence also showed that if the specific kind of paint applied by defendant Collins was applied to an unclean surface, such misapplication would result in a slick and slippery surface, and that defendant Collins had ap-

plied the paint without first washing or cleaning the sidewalk. This condition had existed continuously for months.

We have no such condition in the present cases, as there was a thin layer of mud in an alleyway on which Mrs. Hood stepped at the time she fell. We held that this thin layer of mud was not an act of negligence and, therefore, it was not necessary to go into the question of the contributory negligence of plaintiffs. Municipalities are not insurers and liable for every type of accident in a street. No such burden is placed upon them. Dillon on Municipal Corporations, 5th Ed., Vol. 4, Section 1696, pp. 2963, 2964.

We find no merit in the petition to rehear and it is denied.

All concur.