No. 17,106.

BEEZLEY ET AL. *v.* OLSON.
(270 P. [2d] 758)

Decided May 17, 1954.   Rehearing denied June 7, 1954.

Mr. DEAN JOHNSON, Mr. WILLIAM H. MOULTON, for plaintiffs in error.

Messrs. THOMAS & THOMAS, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

AT about 11:45 A.M. January 31, 1951, plaintiff, defendant in error, slipped and fell on a sidewalk in front of a theater building in Burlington, Colorado. As a result of this fall she was injured, and on June 5, 1952, filed her complaint in the district court against the property owner and the Town for damages. The allegation with which we are principally concerned is that the property owner installed a new cement sidewalk in front of his place of business, and in reconstructing the sidewalk caused the cement to be troweled to a smooth surface; that as a result, the sidewalk became slick and slippery, particularly when wet; that it was dangerous to pedestrians; and further, that both defendants knew or should have known the dangerous and unsafe condition of the sidewalk, but failed to take steps to render it

safe. She asked for damages in the sum of $5,551.04, and on trial to a jury, after answers were filed, a verdict was returned in her favor in the sum of $1,432.69, on which judgment was entered, and this judgment is the subject of this review under writ of error.

On March 15, 1951, within the statutory period, plaintiff caused an amended notice of injury to be served upon the Town in which she stated as follows: "The cause of the injury was the failure to remove from the sidewalk and place provided for pedestrians ice and snow with the result that the sidewalk in front of the said premises was slippery and slick, causing the undersigned Iva Olson to slip and fall thereon. Nothing had been done to the sidewalk to remove the ice and snow therefrom or to make walking on said sidewalk safe for pedestrians and for the undersigned." The notice as to time and place was sufficient. In its answer, the Town alleged that the complaint failed to state a claim upon which relief could be granted, and also alleged the insufficiency of the notice to charge the Town with liability. The property owner, Beezley, answered, denying liability and alleged that the complaint failed to state a claim upon which relief could be granted and further alleged contributory negligence and that it was an unavoidable accident.

A number of witnesses testified, both for plaintiff and defendants, and there is not a sufficient conflict in the entire record touching upon the controlling question here, to require any detail of such testimony.

The facts clearly appearing from the testimony are that the property owner, desiring to improve his property, as well as the looks thereof, removed a sidewalk that was somewhat unsightly and not in good shape and replaced it with cement sidewalk containing some coloring matter in the cement and he requested the cement contractor to finish the sidewalk with a smooth troweled surface. He did not obtain a permit, as such, from the Town for this work; however, he notified some

of the town officials of what he was doing and the Town apparently acquiesced in the project, because at the time the sidewalk was put in by the contractor, the Town put in the curbing at this point. A cooperative weather bureau observer for the Department of Commerce weather bureau of the United States testified, in substance, from his records, that during the period from January 29 to five o'clock P.M. January 31, 1951, the weather varied from several degrees below zero to a few degrees above; that there was two inches of snow on the ground on the 29th day of January; and no additional snow on the 30th; that the highest temperature during the three-day period, was ten above zero; and the records disclosed that at five o'clock on the afternoon of January 31, there was about four inches of snow and sleet on the ground. It is not disputed that defendant in error fell at the time alleged; one witness saw her fall; but testified she got up and went into a nearby store. There is no testimony to the effect that the sidewalk in question was slippery at any time except when wet; and there was no record of anyone having been injured during the several months intervening between the time the sidewalk was put down until the accident in question. It is not questioned that the sidewalk was slippery when covered with snow or was otherwise wet. The property owner testified that he never slipped on the sidewalk when it was wet and never saw anyone else slip on it, but that he had put sand on it when there was ice on it or it was snowing, and he also had put salt on it at such times. He further testified that the old sidewalk was cracked and broken; that various sections thereof were sagged and in a worn-out condition; and that the new sidewalk was considerably smoother than the old one.

We believe the only instruction that requires consideration for the purpose of determining this controversy is as follows:

"Instruction No. 8

"You are instructed that if the owner of property

abutting a sidewalk does any act or acts in respect to the construction or maintenance of a sidewalk, the owner of the abutting property and the town are under a common obligation to keep safe the sidewalk in front of such property and if you find from a preponderance of the evidence that the plaintiff has been injured by the failure of the town and the defendant, Beezley, to keep the sidewalk in front of the Beezley property safe for pedestrians, the plaintiff in this action may recover her damages from both of the defendants."

This instruction was objected to on the ground that it is too broad and does not constitute a correct statement of the law, and we believe the objection to be good in face of the court's refusal to give the property owner's tendered instruction, which is as follows: "You are instructed that an abutting owner is not liable for injuries resulting from snow or ice coming upon a sidewalk through natural causes, nor is he bound to guard against the risk of accident by sprinkling thereon sand or salt or using any other like precautions, and liability is not imposed upon him by the fact that under the provisions of a municipal ordinance he is required to remove such snow or ice."

Plaintiffs in error emphasize that this is not a case of an accident resulting from failure to remove ice or snow, but a case involving an inherently dangerous and unsafe condition resulting from the manner in which the sidewalk was constructed, and the type of surface or finish put on it. Taking counsel for plaintiffs in error at their word, then it is at once to be seen that technically the notice to the Town is insufficient, because the Town was notified that the cause of the injury was the failure to remove the ice and snow, as is shown by the quoted portions of the notice hereinbefore set out. That question is not finally controlling in our disposition of the case.

Counsel for the Town contend that plaintiff failed to plead or prove that it was guilty of any action-

able negligence, or that any negligence on its part was the proximate cause of the injury; further, that the municipal corporation is under a duty only to maintain its sidewalks in a reasonably safe condition; and that as a matter of law in this jurisdiction, the sidewalk in question should have been held to be in such condition; further, that the presence of ice or snow on a sidewalk is not such defect as to render the Town liable, and the mere smoothness of the surface of a sidewalk does not render it dangerous and unsafe; under the circumstances here, if the sidewalk involved was dangerous and unsafe, such condition existed long enough prior to the accident that the town here had constructive notice thereof; and moreover, the Town knew of the condition complained of from the outset, because it participated in the completion of the curbstone in connection therewith. However, the verdict and judgment herein must stand or fall upon the question as to whether or not there was an inherent and known danger due to the manner of the construction of the sidewalk, or, in other words, due to the smoothness thereof. It is to be remembered there is no showing of any defect in the sidewalk, nor was there any accumulation of ice such as to make a surface irregularity, and it is hardly necessary to again state the well-known rule that a municipal corporation is not responsible for every accident that occurs on its streets; it is not a guarantor of the safety of travelers; and its only duty is to exercise reasonable diligence to put and keep the sidewalks or streets in a reasonably safe condition for the use for which they were established. It also is well established in this jurisdiction, that the presence of ice and snow on a sidewalk or the slipperiness thereof, caused by ice and snow, without more, is not such a defect as to constitute actionable negligence unless there is in addition thereto a showing of some accumulation such as to cause persons to stumble or fall, and that same existed for such a length of time that the town would have constructive notice thereof.

■ The effect of the decisions of our Court on these sidewalk cases is that every defect is not actionable, but depends entirely upon all the circumstances of the case. If it is to be said that slight defects or obstructions in sidewalks are sometimes not actionable, then it is difficult to say how the mere smoothness of the sidewalk is actionable, unless the sidewalk is so constructed or treated as to be slippery at all times. While the two recent decisions of our Court, *Parker v. City and County of Denver,* 128 Colo. 355, 262 P. (2d) 553, and *City and County of Denver v. Dugdale,* 127 Colo. 329, 256 P. (2d) 898, have a distinct bearing upon the questions discussed herein, neither case can be said to be controlling because of an entirely different factual situation.

In the absence of any showing that the sidewalk here involved was such that pedestrians had slipped upon it at times other than during a snowy or icy condition, we are not prepared to say that the mere smoothness of the sidewalk was so inherently dangerous as to be actionable under the presented circumstances, and the court should have granted the timely motion to dismiss at close of plaintiff's case. Therefore, the judgment is reversed and the cause remanded with direction to set aside the verdict and judgment and dismiss the complaint.