333 P.2d 998

Jean L. PEARSON, a widow, Plaintiff-
Appellant,

v.

BOISE CITY, a municipal corporation of
the State of Idaho, Defendant-
Respondent.

No. 8649.

Supreme Court of Idaho.

Jan. 5, 1959.

Rehearing Denied Jan. 26, 1959.

Charles F. Reddoch, Charles S. Stout, Boise, for appellant.

Coughlan, Imhoff & Shepard, C. Stanley Skiles, Boise, for respondent.

SMITH, Justice.

Appellant has appealed from a judgment of dismissal entered by the trial court upon sustaining respondent's general demurrer to appellant's amended complaint without leave to amend. Material facts alleged in the amended complaint are hereinafter related.

Appellant, an elderly woman, received personal injuries December 7, 1956, when she slipped and fell on respondent's cement sidewalk. The sidewalk, twelve feet wide where the accident happened, is situate at the northwest corner of the intersection of Sixth and Idaho Streets, within respondent's corporate limits.

Appellant alleges that during 1908, respondent constructed such sidewalk without a downward slope of .25 inch to the foot from the lot line to the curb line as required by respondent's ordinances; that instead, the sidewalk at about one foot from the arc of the curb is approximately one inch higher than at a point therefrom approximately 6 feet northwesterly, which resulted in an angular swale-like depression about 7 feet in length and 4 feet wide; that near the east end of the depression an area, approximately one-half of a four foot section of the sidewalk, had sunk approximately one-half inch, leaving a depression of that size about one and one-half inches in depth at the easterly end of the sunken area, which condition had obtained for more than three years last past and was known, or by exercise of reasonable diligence should have been known, to respondent.

Appellant further alleges that during the morning of December 7, 1956, the depression became filled with water from melted snow which fell the previous evening; that sudden falling temperature during the morning of December 7, 1956, caused the water collected in the depression to become frozen "with a surface of hard, smooth glazed ice"; that falling snow then covered the ice to a depth of about one inch.

Appellant then alleges that about 11:00 a. m. on said date, while walking on and along such area, exercising due care and without knowledge of such defective condition, she slipped on said ice and fell, sustaining personal injuries; then follows allegations of respondent's negligence, causative of appellant's general and special damages.

Respondent interposed a general demurrer to appellant's amended complaint, which

the trial court sustained. Appeal resulted, from the judgment of dismissal without leave to amend.

Appellant assigns error of the trial court in sustaining the demurrer and entering the judgment of dismissal.

Appellant alleges respondent's negligence to have been the faulty construction and the sunken condition of the sidewalk, forming the swale-like depression in which water collected, became frozen and covered with snow, and that an alleged dangerous condition so created which respondent failed to remedy, proximately caused appellant's injuries.

We mention certain well established principles relating to the duty of municipalities to care for and maintain streets and sidewalks for public travel.

■■ Municipalities are not insurers of the safety of those who use the sidewalks. Miller v. Village of Mullan, 17 Idaho 28, 104 P. 660, 19 Ann.Cas. 1107; Beezley v. Olson, 129 Colo. 406, 270 P.2d 758; Ritgers v. City of Gillespie, 350 Ill.App. 485, 113 N.E.2d 215; McQuillin, Municipal Corporations, 3rd Ed., Vol. 19, § 54.80, p. 260. Municipalities are charged with the duty of keeping streets in reasonably safe condition for public travel and are liable for damages for injuries sustained only in consequence of their negligent discharge of such duty. Carson v. City of Genesee, 9 Idaho 244, 74 P. 862, 108 Am.St.Rep. 127; Moreton v. Village of St. Anthony, 9 Idaho 532, 75 P. 262; Village of Sand Point v. Doyle, 11 Idaho 642, 83 P. 598, 4 L.R.A.,N.S., 810; Eaton v. City of Weiser, 12 Idaho 544, 86 P. 541, 118 Am.St.Rep. 225; Miller v. Village of Mullan, supra; Powers v. Boise City, 22 Idaho 286, 125 P. 194; Baillie v. City of Wallace, 24 Idaho 706, 135 P. 850; Goodman v. Village of McCammon, 42 Idaho 696, 247 P. 789; Hendrix v. City of Twin Falls, 54 Idaho 130, 29 P.2d 352. See also Carl v. New Haven, 93 Conn. 622, 107 A. 502, 13 A.L.R. 1; Beezley v. Olson, supra; Ritgers v. City of Gillespie, supra; Hood v. Allen, 190 Tenn. 56, 227 S.W.2d 534, 16 A.L.R.2d 1286; Annotation, 13 A.L.R. 18; Annotation, 39 A.L.R.2d 787–788.

■ Mere slipperiness of a sidewalk, occasioned by smooth or level ice or snow, is insufficient to charge the municipality with liability for injury resulting therefrom where the snow or ice does not constitute an obstruction. Wilson v. City of Idaho Falls, 17 Idaho 425, 105 P. 1057; Leonard v. City of Muscatine, 227 Iowa 1381, 291 N.W. 446; Kelleher v. City of West St. Paul, 193 Minn. 487, 258 N.W. 834; Casper v. City of Chicago, 320 Ill.App. 269, 50 N.E.2d 858; Speakman v. City of Dodge City, 137 Kan. 823, 22 P.2d 485; City and County of Denver v. Dugdale, 127 Colo. 329, 256 P.2d 898; Beezley v. Olson, supra; McQuillin, Municipal Corporations, 3rd Ed., Vol. 19, §§ 54.79 and 54.84; Annotation, 13 A.L.R. 23; Annotation, 39 A.L.R.2d 794.

The reasons for the aforementioned rule are stated in McQuillin, Municipal Corporations, 3rd Ed., Vol. 19, § 54.84, p. 316, supported by a wealth of authorities, in language as follows:

"In certain seasons and localities, as is well known, it would be burdensome, if not impracticable, to impose the duty on the municipality to keep its sidewalks clear of snow and ice at all times. Pedestrians must assume the risks attending a general slippery condition of sidewalks produced by natural causes and which remain despite the efforts of reasonable care and diligence."

See also Wilson v. City of Idaho Falls, supra; Ritgers v. City of Gillespie, supra; Annotation, 13 A.L.R. 24.

■ A municipality is bound to exercise only ordinary or reasonable care to maintain its streets and sidewalks in a reasonably safe condition. Miller v. Village of Mullan, supra; Powers v. Boise City, supra; Baillie v. City of Wallace, supra; Goodman v. Village of McCammon, supra; Strickfaden v. Greencreek Highway Dist., 42 Idaho 738, 248 P. 456, 49 A.L.R. 1057; 63 C.J.S. Municipal Corporations § 802, p. 114 and § 803, p. 120; McQuillin, Municipal Corporations, 3rd Ed., Vol. 19, § 54.12, p. 55.

Appellant states the rule upon which she relies, as follows: "We rely upon the principle that where an injury results from the slippery condition of a walk, together with a defect in the walk, a municipality is liable therefor if the defect in the walk is the proximate cause of the injury."

More liberal well-recognized announcements recognize that the defect may be either the contributing cause or the proximate cause; also that both the defect and the slippery condition operating concurrently may be regarded as the proximate cause. These interrelated principles are to be found many times announced by the various authorities.

The early Massachusetts cases which appellant cites quite uniformly hold that, to constitute the proximate cause of the injury the defect must be shown to have been of such gravity as to constitute the special cause for the formation of the ice, in addition to natural weather conditions. See Pinkham v. Inhabitants of Topsfield, 1870, 104 Mass. 78, wherein a roadway, because situate upon a steep, springy hillside, and sloping both downward and sidewise, was found defective and thus responsible for a dangerous condition when ice formed thereon; Fitzgerald v. Inhabitants of Woburn, 1872, 109 Mass. 204, wherein a sidewalk as constructed, which artificially impounded water thereon from a nearby improperly drained gutter, was held defective, and thereby responsible for a dangerous icy condition; Spellman v. Inhabitants of Chicopee, 1881, 131 Mass. 443, wherein

was held defective a walk having a depression in which water collected, forming ice when the rest of the walk was clear; Adams v. Town of Chicopee, 1888, 147 Mass. 440, 18 N.E. 231, wherein a walk was held defective because its improper construction, forming a basin, induced a special and constant deposit of ice thereon; and Hughes v. City of Lawrence, 1894, 160 Mass. 474, 36 N.E. 485, wherein a walk was held defective because constructed with a gutter extending across it, which caused the formation of a special artificial deposit of ice.

Appellant also cites Massachusetts cases in support of the rule upon which she relies decided after the enactment of Mass. Stat.1896, ch. 540; such statute provided that no municipality shall be liable in damages for an injury suffered by reason of snow or ice, if the place at which the injury was received was at the time of the accident otherwise reasonably safe for travelers.

The Massachusetts court construed this statute as impressing liability if the defect be either the contributing or the proximate cause; or if the two factors, i. e., the defect and the slippery ice, operated concurrently as the proximate cause. To effect recovery grounded upon the municipality's negligence, it still was necessary to show that the defect was more than slight, i. e., unusual and by itself of sufficient gravity as to support an accusation of culpable negligence; and that under no circumstance could liability be impressed, if resting solely upon the single factor of the icy condition brought about by natural weather conditions. Analysis follows of those cited cases.

In Naze v. Town of Hudson, 1924, 250 Mass. 368, 145 N.E. 468, the plaintiff was allowed recovery for an injury sustained (1) from stumbling on a sidewalk obstructed by a root from a bordering stump, extending into and raising the edge of the walk, as the contributing cause, and (2) thereupon slipping on ice, formed in a hole 3 or 4 inches deep in the walk near the stump, as the proximate cause. See also Witham v. City of Boston, 1928, 262 Mass. 291, 159 N.E. 500, wherein plaintiff recovered for an injury received because of two causative factors operating concurrently, i. e., (1) a slippery brick sidewalk sloping downward to an iron plate 2½ feet long and 1½ feet wide, and (2) a depression around this plate, the depression being 2 inches deep caused by uneven and sunken bricks.

In Newton v. City of Worcester, 1899, 174 Mass. 181, 54 N.E. 521, cited by appellant, the injury was caused by slipping upon an allegedly defective sidewalk having depressions, varying ½ to 2 inches in depth, containing ice. The Massachusetts court denied liability because of insufficiency of the evidence to show that the defect rendered the walk when bare as not rea-

sonably safe for public travel. The court construed Mass.Stat.1896, ch. 540 in accordance with the present universal rule, absent any statute, as forbidding the impression of liability against a municipality if the snow or ice constituted the sole proximate cause of the accident and resultant injury; and that there must be a defect of sufficient gravity, operative as such at the time of the accident, as to constitute in part the proximate cause of the accident and injury.

■ Appellant then contends that the municipality is liable for an injury "caused by the slippery condition of the walk, which slippery condition is caused by a structural defect in the walk." Here again, liability can be impressed only if the structural defect be of such gravity as to justify a finding of negligence on the part of the municipality, by virtue of its failure to exercise reasonable care to keep its sidewalks in reasonably safe condition for pedestrian travel, provided it had actual or constructive notice of the defect.

This principle likewise has quite universal recognition and appears to be the law announced in the decisions which appellant cites; we shall point to the defects therein deemed of sufficient gravity as to justify accusations of culpable negligence of municipalities and recoveries based thereon.

Gaylord v. City of New Britain, 58 Conn. 398, 20 A. 365, 8 L.R.A. 752, Clogged gutter caused water to back upon, freeze and obstruct a sidewalk. Jennes v. City of Norwich, 107 Conn. 79, 140 A. 119, Broken, patched, uneven and ridged portion of a sidewalk became covered with ice, but without changing the rough outlines of the defects in the walk. Ritgers v. City of Gillespie, 350 Ill.App, 485, 113 N.E.2d 215, A leaky downspout on the city hall created a dangerous artificial accumulation of ice on a sidewalk. Huston v. City of Council Bluffs, 101 Iowa 33, 69 N.W. 1130, 36 L.R. A. 211, Dammed drainage waters froze, forming a rough, irregular artificial deposit upon, and sloping 2 or 3 inches from the center to the sides, of a sidewalk. Roberts v. Village of Buhl, 160 Minn. 398, 200 N. W. 354, Water from a clogged gutter froze causing retaining apron to heave and become elevated about 1½ inches thereby creating an artificial deposit of ice on sidewalk. Wyckoff v. City of Cameron, Mo. App., 9 S.W.2d 872, 873, A 3½ foot flagstone section of a sidewalk became rough, slanting, bulged and ridged-up in which water froze, whereupon the walk was "all rough and bulged and ice had frozen in there." Rice v. Kansas City, Mo.App., 16 S.W.2d 659, A hole or depression from 1 to 6 inches in depth existed at a crosswalk; the edges of the depression became coated with slick, uneven ice and the hole hidden because filled with slush, such condition not being general over the city. Napoleon v. City of Sante Fe, 38 N.M. 494, 35

P.2d 973, A depression about 4 feet in diameter and 6 inches below the level of the sidewalk in which water collected and froze; here, the court found that the defect in the walk was dangerous to pedestrians. McCave v. City of Canton, 140 Ohio St. 150, 42 N.E.2d 762, A defective downspout cast water, which froze, upon a sidewalk, thus creating an artificial deposit of ice upon the walk. Holbert v. City of Philadelphia, 221 Pa. 266, 70 A. 746, 20 L.R.A.,N.S., 201, Water, accumulated because of improper drainage on bridge underpass walk, upon freezing, caused artificial deposit of dangerous slippery ice. Zieg v. City of Pittsburgh, 348 Pa. 155, 34 A.2d 511, Water from a spring, not suitably drained, was allowed to flow upon a defective flagstone walk which had become 8 to 12 inches lower than the surrounding ground; the water so collected, froze into snow-covered ice containing ridges 4 to 5 inches high, one of which was causative of the slipping accident.

Appellant's remaining citations, 25 Am. Jur., Highways, § 521, p. 802; McQuillin, Municipal Corporations, 3rd Ed., Vol. 19, § 54.84, n. 55, pp. 314–315; 2 Shearman and Redfield on Negligence, Rev. Ed., § 301, pp. 884–885; 3 A.L.R., p. 1136, note c; Annotation, 41 A.L.R.2d 747, § 9(a), and 43 C.J., Municipal Corporations, § 1801, p. 1023, likewise recognize the general rule that the slipperiness of the sidewalk must be caused by a negligently defective construction or condition, as to be regarded in itself as the proximate cause of the injury, or at least of such gravity as to be regarded as a concurrent and contributing cause when considered in conjunction with the existent slippery ice; recognizing however that the existence of snow and ice, by themselves, does not constitute a defect, 63 C.J.S. Municipal Corporations § 811, p. 140; particularly when the ice is formed in a smooth surface so as to constitute no other defect than the slippery condition of the way, 2 Shearman and Redfield on Negligence, Rev. Ed., § 361, p. 884. Those authorities bear out an excellent statement of the general rule found in appellant's citation, 43 C.J. Municipal Corporations, § 1801, p. 1024, reading:

> "In all cases where it is sought to charge the municipality with liability on the ground that the walk on which snow or ice had fallen was defectively constructed, it must be shown that the injury would not have occurred but for such original defect."

And see appellant's citation, McQuillin, Municipal Corporations, 3rd Ed., Vol. 19, § 54.84, p. 314, n. 55, and cases digested therein fully supporting such rule; also 63 C.J.S. Municipal Corporations § 841, p. 184.

We now approach the narrow question presented by the pleadings, whether the described swale-like depression in the side-

walk, allegedly existing with respondent's knowledge, is a defect of such minor consequence as not to constitute negligence on respondent's part as a matter of law.

McQuillin, Municipal Corporations, 3rd Ed., Vol. 19, § 54.80, pp. 263–267, states the rule supported by the weight of authorities, as follows:

"But to keep all the sidewalks in perfect condition at all times is practically a municipal impossibility. For instance, slight inequalities are nearly always found, at one place or another, especially where there is much travel. Minor defects or obstructions are generally not actionable. * * *

"According to the weight of authority, these minor defects or obstructions include slight depressions in sidewalks, slight differences in the level of public ways, whether such may be the street, a sidewalk, or a cross walk."

The text is supported by numerous illustrative examples, supported by authorities. See also Goodman v. Village of McCammon, 42 Idaho 696, 247 P. 789.

In Kulish v. Cray, 52 R.I. 212, 159 A. 831, 833, 80 A.L.R. 1165, in holding that a 1½ inch sidewalk depression did not constitute actionable negligence, quoted with approval from Beltz v. City of Yonkers, 148 N.Y. 67, 42 N.E. 401, 402, as follows:

"If the existence of such a defect is to be deemed evidence of negligence on the part of the city, then there is scarcely any street in any city that is reasonably safe within the rule, and when accidents occur the municipality must be treated, practically, as an insurer against accidents in its streets. The law does not prescribe a measure of duty so impossible of fulfillment, or a rule of liability so unjust and severe."

In 63 C.J.S. Municipal Corporations § 809, p. 139, the rule is stated:

"A municipal corporation is not required so to construct all its sidewalks that they shall meet upon exactly the same level, but recovery may be had against it for negligently constructing or permitting unusual or unnecessary steps, slopes, or abrupt descents from which injury might have been reasonably anticipated."

In Jacobson v. City of Milwaukee, 262 Wis. 256, 55 N.W.2d 1, failure to repair a depression 1½ inches in depth where ice formed did not create liability on the part of the municipality for an injury blamed to such defect. In Berry v. City of Detroit, 341 Mich. 702, 69 N.W.2d 145, a sidewalk defect 1¼ inches in depth was held not actionable. In Ming v. City of Jackson, 202 Miss. 260, 31 So.2d 900, a sidewalk depression 1 to 2 inches deep did not

establish negligence of the municipality in the maintenance of its sidewalk. See also Dumary v. Village of Athens, 273 App.Div. 145, 76 N.Y.S.2d 630; Buskey v. City of Worcester, 323 Mass. 342, 82 N.E.2d 236; Johnson v. Town of Orange, 320 Mass. 336, 69 N.E.2d 587; Breskin v. 535 Fifth Ave., 381 Pa. 461, 113 A.2d 316; Kohler v. Penn Township, 305 Pa. 330, 157 A. 681; Van Ormer v. City of Pittsburgh, 347 Pa. 115, 31 A.2d 503; Leonard v. Lee, 191 Md. 426, 62 A.2d 259; Stieb v. City of Chicago, 345 Ill.App. 505, 104 N.E.2d 112; Turner v. City of Winterset, 210 Iowa 458, 229 N. W. 229; Andrews v. City of Bristol, 120 Conn. 499, 181 A. 624; Scoville v. Town of West Hartford, 131 Conn. 239, 38 A.2d 681; Kelleher v. City of West St. Paul, 193 Minn. 487, 258 N.W. 834; Walker v. Reeves, 204 Okl. 669, 233 P.2d 307; Grass v. City of Seattle, 100 Wash. 542, 171 P. 533; 63 C.J.S. Municipal Corporations § 807b, p. 129; Annotation, 41 A.L.R.2d 744, § 4.

■ The authorities are overwhelming in their holdings that a defect in a side-walk of a minor or trivial nature, as shown by respondent's pleadings, is not sufficient to hold a municipality liable in damages for failure to repair the same. The defect in itself not being of sufficient serious import as to render the municipality liable for actionable negligence, the fact that the depression becomes filled with water and freezes with a surface of hard, smooth glazed ice, because of natural weather conditions, likewise does not constitute any defect for which the municipality may be held liable, since in such a case the ice and not any existent defect constitutes the proximate cause of any injury received because of slipping on the ice. Kulish v. Cray, supra; Turner v. City of Winterset, supra; Scoville v. Town of West Hartford, supra.

The judgment of the district court is affirmed. Costs to respondent.

PORTER, C. J., and McQUADE, J., and BELLWOOD, D. J., concur.

KEETON, C. J., concurred in the conclusion reached prior to his retirement.